

FILED IN OFFICE
9/25/2015 3:50 PM
JODY M. MOSS, CLERK
SUPERIOR & JUVENILE COURT
MORGAN COUNTY, GEORGIA

## IN THE SUPERIOR COURT OF MORGAN COUNTY
## STATE OF GEORGIA

BASIL R. MINOTT,

                 Plaintiff,

vs.

MICHAEL MERRILL,

                 Defendant.

CIVIL ACTION

FILE NO.: 2015 CA 247

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DAMAGES

COMES NOW BASIL R. MINOTT, Plaintiff in the above styled action and files this claim for damages and shows the Court as follows:

1.

Defendant Michael Merrill (hereinafter, "Defendant Merrill"), is a resident of South Carolina and is subject to the jurisdiction of this Court. Defendant Merrill may be served with process at 244 Bluff Landing Road, Jackson, South Carolina, 29831.

2.

Venue is proper in this honorable court pursuant to O.C.G.A § 9-10-91 (2), as the tortious act at issue occurred in Morgan County.

## BACKGROUND

3.

On or about June 15, 2013, Plaintiff BASIL R. MINOTT(hereinafter "Plaintiff") was operating a motor vehicle traveling westbound on Interstate 20, at or near mile marker 121, in Morgan County, Georgia.



DEFENDANT'S
EXHIBIT

1

4.

On or about June 15, 2013, Defendant Merrill was operating a motor vehicle traveling westbound on Interstate 20, at or near mile marker 121, in Morgan County, Georgia, approximately parallel to the Plaintiff's vehicle.

5.

At this point in time, Defendant Merrill negligently, unlawfully and improperly changed lanes and drove into Plaintiff Minott's lane of travel, thereby colliding with the Plaintiff's vehicle.

6.

As a direct and proximate result of the negligence of Defendant Merrill, Plaintiff Minott, suffered bodily injuries and medical expenses in excess of $5,985.00, itemized as follows:

| | Provider: | Dates of Service: | Amount: |
|---|---|---|---|
| 1. | John's Creek Diagnostic Center | 6/15/13 – 7/25/13 | $ N/A |
| 2. | Apex Healthcare and Rehab | 6/21/13 – 11/6/13 | $ 5,905.00 |
| 3. | Markham Rd. Medical Center | N/A | $ N/A |
| 4. | Parkview Family Medical Center | 10/16/13 | $ 80.00 |

## COUNT I
## NEGLIGENCE OF DEFENDANT

7.

Plaintiff incorporates and realleges the allegations contained in paragraphs 1 through 6 above as if fully restated herein.

8.

Defendant Merrill owed Plaintiff the duty of a reasonably prudent driver, observant of changing roadway conditions, and to obey all traffic laws of the State of Georgia.

9.

Defendant Merrill has breached this duty by failing to remain observant while operating a vehicle and by failing to maintain his lane of travel in violation of O.C.G.A. §40-6-48.

10.

Furthermore, Defendant was negligent in the following ways:

(a)     Operating a vehicle while using a wireless device in violation of O.C.G.A. § 40-6-241.1;

(b)     Operating a vehicle while text messaging in violation of O.C.G.A. § 40-6-241.2;

(c)     Driving at a greater speed than reasonable and prudent in violation of O.C.G.A § 40-6-180;

(d)     Failing to exercise due care in violation of O.C.G.A. § 40-6-241;

(e)     Failing to maintain a proper lookout;

(f)     Driving with reckless disregard for the safety and property of others in violation of O.C.G.A. § 40-6-390; and

(g)     By committing any acts or omissions which may be shown at trial.

11.

As a direct and proximate result of this collision, Plaintiff suffered bodily injuries and medical expenses in excess of $5,985.00.

## COUNT II
## PUNITIVE DAMAGES AS TO DEFENDANT GLOSSON

12.

Plaintiff realleges and incorporate the allegations contained in paragraphs 1 through 11 above as if fully stated herein.

13.

Defendant's conduct was reckless, willful and/or wanton, and demonstrates a conscious

indifference to the consequences of his actions and entitles Plaintiff to an award of punitive damages.

14.

As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injuries and medical expenses in excess of $5,985.00.

15.

As a direct and proximate result of the Defendant's negligence, Plaintiff is entitled to an award of special damages for medical expenses, past and future, in an amount to be shown at trial, and general damages in an amount to be determined by this court against Defendant, all in an amount in excess of $5,985.00.

16.

This Complaint is a renewal action against this Defendant. The allegations are essentially the same as those contained in a prior action in this same Court that was assigned Civil Action No. 2015CA145. That action was voluntarily dismissed without prejudice. The former action was not void and was not dismissed on its merits. This complaint is a valid action that may be renewed under O.C.G.A. § 9-2-61. All costs have been paid and this action is being renewed within six months.

WHEREFORE, Plaintiff prays as follows:

a) That process be issued and Defendant be served with process as provided by law;

b) That Plaintiff have a trial by jury on all issues so triable;

c) That Plaintiff have a verdict and judgment against Defendant to compensate Plaintiff for all special, general, compensatory and consequential damages in an amount proven at trial to be adequate and just;

d) That all costs be cast against Defendants; and

e) That this Court grant such other and further relief as it deems appropriate.

Respectfully, submitted this _18th_ day of _September_, 2015.

**JOHNNY G. PHILLIPS**
State Bar No. 382150
Attorney for Plaintiff

**LAW OFFICE OF JOHNNY PHILLIPS**
37 Calumet Parkway – Bldg. K, Suite 202
Newnan, Georgia 30269
*Phone* | (404) 487-0184 | *Fax* (404) 487-0183
johnny@johnnyphillipslaw.com

SUMMONS                                    SC-85-1                          Clyde Castleberry Co., Covington, GA 30015

IN THE ~~SUPERIOR~~ STATE COURT OF ___Morgan___ COUNTY

**STATE OF GEORGIA**

Basil A. Minott _____

CIVIL ACTION
NUMBER ___2015CA247___

_____

_____

                              **PLAINTIFF**

                    VS.

Michael Merrill _____

_____

_____

                              **DEFENDANT**


### SUMMONS


TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Law Office of Johnny Phillips**

37 Calumet Pkwy., Bldg. K,
Suite. 202
Newnan, Georgia 30263

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 25th day of September, 20 15.

Clerk of ~~Superior/State~~ Court

BY _____ Deputy Clerk


INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

**General Civil Case Filing Information Form (Non-Domestic)**

FILED IN OFFICE
9/25/2015 3:50 PM
JODY M. MOSS, CLERK
SUPERIOR & JUVENILE COURT
MORGAN COUNTY, GEORGIA

**Court**          County  MORGAN          Date Filed _____
☑ Superior                                              MM-DD-YYYY
☐ State         Docket # 2015CA247

**Plaintiff(s)**                                    **Defendant(s)**

MINOTT   BASIL   R.                          MERRILL   MICHAEL
Last     First   Middle I. Suffix Prefix  Maiden    Last      First   Middle I.  Suffix Prefix  Maiden

Last     First   Middle I. Suffix Prefix  Maiden    Last      First   Middle I.  Suffix Prefix  Maiden

Last     First   Middle I. Suffix Prefix  Maiden    Last      First   Middle I.  Suffix Prefix  Maiden

Last     First   Middle I. Suffix Prefix  Maiden    Last      First   Middle I.  Suffix Prefix  Maiden

**No. of Plaintiffs**   1          **No. of Defendants**   1

**Plaintiff/Petitioner's Attorney**   ☐ Pro Se

PHILLIPS   JOHNNY
Last       First            Middle I.    Suffix

Bar # 382150

---

**Check Primary Type (Check only ONE)**

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgement Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☑ Tort (If tort, fill in right column)

☐ Other General Civil (Specify) _____

---

**If Tort is Case Type:**
**(Check no more than TWO)**

☑ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other (Specify)_____

**Are Punitive Damages Pleaded?**   ☑ Yes   ☐ No

---

☑ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1



ORIGINAL

FILED IN OFFICE
9/25/2015 3:50 PM
JODY M. MOSS, CLERK
SUPERIOR & JUVENILE COURT
MORGAN COUNTY, GEORGIA

## IN THE SUPERIOR COURT OF MORGAN COUNTY
## STATE OF GEORGIA

BASIL R. MINOTT,

                        Plaintiff,

vs.

MICHAEL MERRILL,

                        Defendant.

CIVIL ACTION

FILE NO.: 2015CA247

### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

I HEREBY CERTIFY that I have served a copy of Plaintiff's First Interrogatories, Request to Produce Documents and Request for Admissions to Defendant MICHAEL MERRILL upon all parties in this matter by including a true and correct copy of same which is to be served contemporaneously with the complaint and summons by a Deputy of the Sheriff's Office or other proper Process Server, as approved by the Georgia Civil Practice Act, who is to effectuate service at the following address:

Michael Merrill
244 Bluff Landing Rd.
Jackson, SC 29831

Respectfully submitted this _18th_ day of _September_, 2015.

Respectfully Submitted By:

JOHNNY G. PHILLIPS
Georgia Bar No. 382150
Attorney for Plaintiff

LAW OFFICE OF JOHNNY PHILLIPS
37 CALUMET PARKWAY
SUITE K202
NEWNAN GEORGIA 30263
(404) 487-0184
FAX: (404) 487-0183
Johnny@johnnyphillipslaw.com

Civil Action No. 2015CA247

Date Filed September 25, 2015

Superior Court ☑    10/16/2015 11:49:46
State Court ☐    JUDY M. MOSS, CLERK
Juvenile Court ☐    SUPERIOR & JUVENILE COURT
                    MORGAN COUNTY, GEORGIA

Georgia, Morgan _____ COUNTY

Basil R. Minott _____

_____
_____ Plaintiff

VS.

Michael Merrill _____

Attorney's Address

Law Office of Johnny Phillips

37 Calumet Pkwy., Bldg. K,
Suite 202
Newnan, Georgia 30263

Name and Address of Party to be Served.

Michael Merrill _____

244 Bluff Landing Road _____

Jackson, South Carolina 29831 _____

_____
_____ Defendant

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☑ I have this day served the defendant MICHAEL MERRILL _____ personally with a copy
☐ of the within action and summons.

_____

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
☐ Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said
affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the
defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This 7 day of OCTOBER, 20 15 @ 12:40 PM

_____ DEPUTY

SHERIFF DOCKET_____ PAGE _____

WHITE-CLERK    CANARY-PLAINTIFF    PINK-DEFENDANT

 



STATE OF SOUTH CAROLINA
# AIKEN COUNTY SHERIFF'S OFFICE
### AFFIDAVIT OF SERVICE / NON-SERVICE

CASE # | 1 | 5 | - | 0 | 5 | 8 | 3 | 7 | 8 | | |

DOCKET/CASE# | 2015 CA 247

**Vs.**

| PLAINTIFF | DEFENDANT |
|---|---|
| Basil R Minott | Michael Merrill |
| | |
| | |

THIS IS TO CERTIFY THAT I, __JACK RANDALL__, DEPUTY SHERIFF OF AIKEN COUNTY, STATE OF SOUTH CAROLINA SERVED / ATTEMPTED TO SERVE THE:

☒ REQ. FOR ADMISSION
☒ REQ. FOR PRODUCTION OF DOCUME
☒ RULE 5 CERT. OF DISCOVERY
☒ COMPLAINT
☒ FIRST INTERROGATORIES
☐ DETERMINATION OF PATERNITY

☐ NOTICE OF FINANCIAL RESPONSIBILITY
☐ PETITION
☐ NOTICE OF HEARING
☐ ORDER OF PROTECTION
☐ NOTICE TO VACATE
☐ MOTION/NOTICE OF MOTION

IN THE ABOVE TITLED ACTION ON THE SUBJECT: __MICHAEL MERRILL__

☒ **(SERVED)**

BY DELIVERING THE SAME TO:
☒ THE DEFENDANT PERSONALLY   ☐ A PERSON OF DISCRETION RESIDING AT THE DEFENDANTS RESIDENCE

(RELATIONSHIP): ☐ FATHER ☐ MOTHER ☐ SPOUSE ☐ SON ☐ DAUGHTER ☐ BROTHER ☐ SISTER

☐ OTHER _____ (NAME)_____

☐ ( CORPORATE DEFENDANT)_____ (TITLE)_____

☐ **(NON-SERVED)**

☐ UNABLE TO LOCATE THE SUBJECT ☐ THE SUBJECT NO LONGER RESIDES ☐ OTHER_____

AT

| ADDRESS | CITY | STATE | ZIP CODE | LOCATION # |
|---|---|---|---|---|
| 244 Bluff Landing Rd | Jackson | SC | 29831 | |

| DATE: | TIME: |
|---|---|
| 10/07/15 | 1240 PM |

SWORN TO AND BEFORE ME THIS:

DATE 10/__/15

NOTARY PUBLIC FOR SOUTH CAROLINA
MY COMMISSION EXPIRES ON:
DATE ENTERED

DEPUTY SHERIFF                                3862
AIKEN COUNTY, S. C.

COURT:

| DATE: | TIME: |
|---|---|
| | |

ATTEMPTS: 1

SHERIFF'S #

ACSO Form: CP/001 (02/02/11)

IN THE SUPERIOR COURT OF MORGAN COUNTY
STATE OF GEORGIA

BASIL R. MINOTT,

               Plaintiff,

vs.

MICHAEL J. MERRILL,

               Defendant.

CIVIL ACTION

FILE NO.:

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT MICHAEL MERRILL

In compliance with O.C.G.A. § 9-11-36, the Defendant Michael Merrill(hereinafter "Defendant"), is required to admit the truth of the separately listed matters of fact, and the genuineness of the attached documents forty-five (45) days after service of this request.  As required by statute, the Defendant is required to respond to this request in writing.

Defendant is specifically reminded that the separately listed statements of facts are deemed admitted unless, within forty-five (45) days after service of this First Request For Admissions to Defendant, the Defendant serves a written answer, or objection, addressed to each fact.

This request for admissions is subject to and is deemed to include and incorporate the following definitions:

## I. DEFINITIONS

1.    As used herein, the word "document" shall mean, in addition to its common meaning, the original and all copies of any writing or record of every type and description, however produced or reproduced, including, but without limitation, correspondence, contracts, proposals, memoranda, tapes, stenographic or handwritten notes, studies, publications, minutes, books, pamphlets, pictures, drawings, photographs,

films, microfilms, voice or sound recordings, magnetic recordings, maps, reports, surveys, statistical compilations, tax returns, financial statements, accounting or other financial papers, invoices, receipts, checks, check stubs, accounts, deposit slips, ledgers, calendars, diaries, appointment books, time-keeping records, computer or electronic mail message ("e-mail"), and expense account records.

2.    The word "person" means any individual, partnership, corporation, division, firm, business or other entity.

3.    As used herein, the phrases "relating to" and "relate to" shall be construed in their broadest sense and shall mean describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, whether in whole or in part.

4.    As used herein, the phrase "refer to" and "reference" shall be construed in their broadest sense and shall mean describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, whether in whole or in part.

5.    As used herein, the word "all" shall be deemed to include and encompass the words "each," "every" and "any."

6.    With regard to the terms defined herein, all terms in the singular shall include the plural, and all terms used in the plural shall include the singular.

7.    The conjunction "and/or" shall be interpreted in every instance both conjunctively and disjunctively.

## II. ADMISSIONS

1.

On June 15, 2013, Defendant caused the vehicular collision at issue.

2.

The subject vehicular collision was not the fault of any person not a party to this lawsuit.

3.

The Plaintiff did not contribute to causing the subject vehicular collision in any manner.

4.

The subject vehicular collision was caused as a sole result of Defendant's negligence.

5.

On June 15, 2013, Defendant had full authority to operate the vehicle which he was driving and which was involved in the subject collision.

6.

On June 15, 2013, Defendant failed to be observant while driving on the roadways of Georgia prior to and at the time of the subject collision.

7.

On June 15, 2013, Defendant was aware that it was unlawful to change lanes and collide with another vehicle in violation of O.C.G.A. §40-6-48 on the roadways of Georgia.

8.

As a result of the subject collision at issue Defendant received a traffic citation for improper lane change in violation of O.C.G.A. § 40-6-48.

9.

As a result of the subject collision at issue Defendant pled guilty for a traffic citation for improper lane change in violation of O.C.G.A. § 40-6-48.

10.

If Defendant did not receive a traffic citation as a result of the subject collision at issue, Defendant was informed by the investigating officer identified in the related accident report that he was at fault for improperly changing lanes in violation of O.C.G.A. § 40-6-48.

11.

On June 15, 2013, Defendant was aware that he should not text or utilize a cellular phone type device in violation of O.C.G.A. § 40-6-241.1.

12.

As a result of the subject collision at issue Defendant received a traffic citation for using a cellular phone type device in violation of O.C.G.A. § 40-6-241.1.

13.

As a result of the subject collision at issue Defendant pled guilty for a traffic citation for using a cellular phone type device in violation of O.C.G.A. § 40-6-241.1.

14.

If Defendant did not receive a traffic citation as a result of the subject collision at issue, Defendant was informed by the investigating officer identified in the related accident report that he was at fault for using a cellular phone type device in violation of O.C.G.A. § 40-6-241.1.

15.

The collision which gives rise to this suit was caused solely and directly by Defendant's negligence.

16.

The incident report attached to these requests accurately describes the location of the collision.

17.

The incident report attached to these requests contains a reasonably accurate description of the collision.

18.

The Plaintiff sustained injuries as a result of the June 15, 2013 collision.

19.

The Plaintiff experienced pain and suffering as a result of the June 15, 2013 collision.

20.

The Plaintiff is entitled to recover damages from Defendant for his personal injuries.

21.

The Plaintiff is entitled to recover from Defendant for his reasonable and necessary medical expenses.

22.

The Plaintiff's medical expenses itemized in his Complaint and served contemporaneously with these requests are reasonable and necessary.

23.

Defendant has been properly served with process in this action.

24.

Defendant is subject to the jurisdiction and venue of this court.

*Signature on following page.*

Respectfully submitted this _____ day of _____, 2015.

Respectfully Submitted By:

JOHNNY G. PHILLIPS
Georgia Bar No. 382150
Attorney for Plaintiff

LAW OFFICE OF JOHNNY PHILLIPS
37 CALUMET PARKWAY
SUITE K202
NEWNAN GEORGIA 30263
(404) 487-0184
FAX: (404) 487-0183
Johnny@johnnyphillipslaw.com

IN THE SUPERIOR COURT OF MORGAN COUNTY
STATE OF GEORGIA

BASIL R. MINOTT,

                             Plaintiff,

vs.

MICHAEL MERRILL,

                             Defendant.

CIVIL ACTION

FILE NO.:

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT MICHAEL MERRILL

COMES NOW, Plaintiff in the above styled action and hereby requires that Defendants Michael Merrill (hereinafter "Defendant") answer under oath and in writing the following interrogatories within forty-five (45) days from the date of service, i.e. the time provided for response pursuant to O.C.G.A. § 9-11-33, and that a copy of the answers be furnished to the Plaintiffs' attorney, Law Office Of Johnny Phillips, PC, Attn:  Johnny G. Phillips, 37 Calumet Parkway, Building K, Suite 202, Newnan, Georgia 30263.

## I. INSTRUCTIONS

**NOTE A:**     When used in these interrogatories, the phrase "Defendant", "individual in question", "you" or any synonym thereof are intended to and shall embrace and include, in addition to the Defendant individually, his attorneys, agents, servants, employees, representatives, private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of the Defendant.

NOTE B:      Throughout these interrogatories, wherever the Defendant is requested to identify a communication of any type and such communication was oral, the following information should be furnished with regard to each such communication:

(a)      By whom it was made, and to whom;

(b)      The date upon which it was made;

(c)      Who else was present when it was made;

(d)      Whether it was recorded or described in any writing of any type and, if so, identification of each such writing in the manner indicated in Note C below.

NOTE C:      Throughout these interrogatories, wherever the Defendant is requested to identify a communication, letter, document, memorandum, report or record of any type and such communication was written, the following information should be furnished:

(a)      A specific description of its nature (e.g., whether it is a letter, a memorandum, etc.);

(b)      By whom it was made and to whom it was addressed;

(c)      The date it was made; and

(d)      The name and address of the present custodian of the writing or, if not known, the name and address of the present custodian of a copy thereof.

NOTE D:      Throughout these interrogatories, wherever the Defendant is requested to identify a person, the following information should be furnished:

(a)      The person's full name;

(b)      His or her present home and business address and telephone number at each address;

(c)     His or her occupation; and

(d)     His or her place of employment.

NOTE E:     These interrogatories shall be deemed continuing to the extent required by law. You are required to (1) seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters as well as the identity of each person expected to be called as a witness at trial, the subject matter on which he or she is expected to testify and the substance of his or her testimony; (2) amend any prior response if you subsequently learn that the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance a knowing concealment; and (3) provide such other supplementary responses required by law.

## II. INTERROGATORIES

1.

State your full name, birth date, marital status, social security number, and the names and addresses of any relatives you have in the county in which the above-captioned action is pending.

2.

State your residence address, including any apartment number, and the address and period of time you lived at each residence for the previous five (5) years.

3.

Identify each of your employers for the past five (5) years, the position and job duties you held with each such employer, and the reason for your change of employment.

4.

If you have ever been arrested, state the date, jurisdiction and charges made in each such arrest, and, if convicted, the date thereof and the court in which such charges were brought.

5.

If, within the twenty-four (24) hour period immediately preceding the collision, you consumed any prescription medication, drug or alcoholic beverage, state the quantity consumed, the time it was consumed, and the place where it was consumed.

6.

Did you have a valid driver's license at the time of the subject collision and does it remain valid? If so, were there any restrictions on said driver's license?

7.

If you have been involved in any other motor vehicle collisions, identify each collision by date, place, and how said collision occurred.

8.

If you have been a party to *any legal* action (other than this action), please describe each such action, giving the date of each such action, the court in which it was brought, and the names of other parties to each such action.

9.

Identify each insurance company, including excess carriers and umbrella coverage's, which might be liable to satisfy all or part of any judgment which may be entered in this action, and for each insurer give the following information: name and address of company; limits of liability coverage; policy number; and named of insured.

## VEHICLE INFORMATION

10.

Identify all owners and lessors of the vehicle you were operating at the time of the subject collision.

11.

If you were not the servant, agent or employee of the owner of the vehicle you were operating at the time of the collision, state the circumstances under which you were operating the vehicle at the time of the subject collision.

12.

How long had you operated this particular vehicle?

13.

When did you make the last inspection of the vehicle prior to the collision?

14.

If at any time between the last inspection prior to the subject collision and the date of the subject collision, the vehicle you were driving had any mechanical defects, state the nature of the defects.

15.

What was the extent of damage the car you were driving sustained as a result of the collision, giving the time of loss of use, cost of repair and who repaired the vehicle?

## WITNESS INFORMATION

16.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to you who saw or claim they saw all or any part of the occurrence complained of in this action?

17.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to you who arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence?

18.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to you having knowledge of relevant information, facts or circumstances in this action?

19.

Identify all persons who witnessed you consume any drug, prescription or otherwise, or alcoholic beverage within the twelve (12) hour period immediately preceding the subject collision.

20.

Identify all persons who have furnished statements, signed or unsigned, to you, your representative or attorney.

21.

Pursuant to the provisions of O.C.G.A. § 9-11-26 (b)(4)(A)(i), Defendant is requested to identify each person whom Defendant expects to call as an expert witness at trial, state the subject matter on which such expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds of each opinion.

22.

If you have retained or employed an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, please identify and state specifically the name and address of each such expert.

## COLLISION INFORMATION

23.

Where had you been prior to the subject collision, where were you going at the time of the subject collision, and what time were you due to arrive at your destination?

24.

What speed do you contend the car in which you were driving was traveling at the time of the collision?

25.

State in detail your version of how the subject collision occurred, including what you did to avoid the collision, and whether at the first moment you saw Plaintiff's vehicle it was stopped or moving, and its direction and speed if it was moving.

26.

State the substance of every utterance made by you or to you at the scene of the collision and identify the speaker by name, if known, or by any other facts which might lead to the discovery of the speaker's identity.

27.

If you received a citation of any sort as a result of this collision, state the nature of same, the dispositions made and the court involved.

28.

To your knowledge, information or belief, are there any photographs or drawings of the scene of the incident complained of, any vehicle or other physical object involved in the incident, or any person (including any party) involved in the incident?  If so, please describe each individual photograph or drawing with specificity, including, but not limited to, the date made, by whom it was made, the form (whether photographic print, transparency, diagram, plat, etc.), the subject represented, all facts represented or shown, and the present location and the name of the person having possession, custody or control.

29.

Were you familiar with the general area where this collision occurred?

30.

Identify every act by which you claim the Plaintiff unreasonably exposed himself to a foreseeable risk of injury.

31.

Identify every other act or event which supports each affirmative defense that you raise.

32.

Please identify the cellphone number and service provider for all cellphones owned, used or operated by the Defendant on the date of the incident.

33.

Please identify all social media outlets you have utilized from the time of the collision through the present time, including but not limited to, Facebook, MySpace, Twitter, and any internet blogs, boards or chatrooms, as well as your screen or user name for each account utilized. Please also state the date and nature of any entries, postings, or photographs concerning the collision, Defendant(s), and/or your injuries. Please also state whether any such entries, postings, or photographs have been deleted and, if so, provide the date(s) the items were deleted.

*Signature on following page.*

Respectfully submitted this _____ day of _____, 2015.

Respectfully Submitted By:

_____
JOHNNY G. PHILLIPS
Georgia Bar No. 382150
Attorney for Plaintiff

LAW OFFICE OF JOHNNY PHILLIPS
37 CALUMET PARKWAY
SUITE K202
NEWNAN GEORGIA 30263
(404) 487-0184
FAX: (404) 487-0183
Johnny@johnnyphillipslaw.com

IN THE SUPERIOR COURT OF MORGAN COUNTY
STATE OF GEORGIA

BASIL R. MINOTT,

                 Plaintiff,

vs.

MICHAEL MERRILL,

                 Defendant.

CIVIL ACTION

FILE NO.:

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT MICHAEL MERRILL

COMES NOW, Plaintiff in the above-styled civil action, and files this Request for Production of Documents to Defendant Michael Merrill (hereinafter "Defendant") pursuant to O.C.G.A. Section 9-11-34. Defendant is required to comply with said Code section and produce a true and correct copy of each of the following documents to Plaintiff's attorney, Law Office Of Johnny Phillips, PC, Attn: Johnny G. Phillips, 37 Calumet Parkway, Building K, Suite 202, Newnan, Georgia 30263, forty-five (45) days from the date of service.

## I. INSTRUCTIONS

Plaintiff requests that, along with the production of documents, a written response be made detailing the documents produced and any documents covered by these requests which Defendant objects to producing.

**NOTE A:**     These requests are continuous and should be supplemented if additional information is received at a later date.

NOTE B:   When used in these requests, the phrase "Defendant", "individual in question", "you" or any synonym thereof are intended to and shall embrace and include, in addition to the Defendant individually, his attorneys, agents, servants, employees, representatives, private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of the Defendant.

NOTE C:   If documents requested are not in Defendant's possession, please state as follows:

(1)   name of person who has possession or knowledge of whereabouts;

(2)   business address of such;

(3)   business telephone number of such.

NOTE D:   If you claim that a privilege applies to any document sought by this request, then state the factual and legal basis for the claimed privilege and identify the document (by date, author, recipient, general subject matter) so that it can be described in a motion to compel.

## II. REQUESTS FOR PRODUCTION OF DOCUMENTS

1.

In the event that Defendant was licensed to operate a motor vehicle at the time of the incident referred to in the complaint in this action, or is presently licensed to operate a motor vehicle, please produce, as hereinabove requested, Defendant's driver license(s) or an accurate and legible photostatic copy thereof.

2.

Please produce, as hereinabove requested, a copy of your driving record for the past seven (7) years. In lieu of providing this document, you may sign the attached authorization so that the Plaintiff may obtain this information directly from the Department of Driver Services.

3.

Please produce, as hereinabove requested, any and all photographs, sketches, transparencies and/or drawings of any person, party, vehicle, roadway, scene, or any other object or thing relative to the incident referred to in the complaint of this action and the subject matter thereof.

4.

Please produce, as hereinabove requested, any and all accident reports concerning the subject collision, including any that were prepared by you or on your behalf.

5.

Please produce, as hereinabove requested, any and all damage appraisals and repair invoices of Defendant's vehicle.

6.

Please produce, as hereinabove requested, the title to the vehicle driven by the Defendant at the time of the subject collision, or the lease papers or contracts if said vehicle was not owned by Defendant.

7.

Please produce, as hereinabove requested, all equipment and maintenance records on the subject vehicle.

8.

Please produce, as hereinabove requested, any and all written or recorded statements made by any witness, party or other person having relevant information or knowledge of any fact or circumstance in this action.

9.

Please produce, as hereinabove requested, all surveillance movies or photographs which have been made of the Plaintiff.

10.

Please produce, as hereinabove requested, any and all reports, whether written or otherwise recorded, made by any expert or experts who have been retained or otherwise employed by Defendant in anticipation of litigation or preparation for trial in this action.

11.

Please produce, as hereinabove requested, any and all insurance agreements, contracts, and/or policies under which any person or corporation carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering Defendant or the automobile being driven by Defendant at the time of the subject collision.

12.

Please produce, as hereinabove requested, all settlement agreements, in which you have arrived at a settlement or agreement between you and any other person, whether or not a party to this action, regarding or pertaining to the subject incident or any damages resulting therefrom.

13.

Please produce copies of any and all traffic citations, arrest records or any other document reflecting your violation of law on the date of the collision at issue.

14.

Please produce copies of Defendant's cellphone records for the date of the incident complained of, showing the time, dialer and recipient of all incoming and outgoing calls, texts and messages, as well as all data usage.

15.

Please produce any and all documents, evidence of writing, or any other tangible thing which you or anyone on your behalf referred to in any form or fashion in answering or attempting to answer Plaintiff's

First Interrogatories to Defendant.

16.

Please produce all documents obtained through third party requests and subpoenas, including but not limited to any indexes or reports prepared by MIB Group, Inc., formerly known as The Medical Information Bureau, Inc.

17.

A list of all documents which are being withheld from production of documents by virtue of any privilege of non-production for any other reason, identifying each document by its name, date, author, and recipient and specifying the reason for withholding it from production.

18.

Please produce copies of any and all Facebook and/or other social media postings, comments, and photographs concerning the collision, the vehicles involved, Defendant, and/or your resulting injuries.

Respectfully submitted this _14th_ day of _September_, 2015.

Respectfully Submitted By:

JOHNNY G. PHILLIPS
Georgia Bar No. 382150
Attorney for Plaintiff

LAW OFFICE OF JOHNNY PHILLIPS
37 CALUMET PARKWAY
SUITE K202
NEWNAN GEORGIA 30263
(404) 487-0184
FAX: (404) 487-0183
Johnny@johnnyphillipslaw.com