



IN THE SUPERIOR COURT OF MORGAN COUNTY
STATE OF GEORGIA

BASIL R. MINOTT                         )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )     Civil Action File No. 2015CA247
                                        )
MICHAEL J. MERRILL                      )
                                        )
            Defendant.                  )

## ANSWER OF DEFENDANT MICHAEL J. MERRILL

MICHAEL J. MERRILL, Defendant herein, responds to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Some or all of the claims in Plaintiff's Complaint fail to state a claim against Defendant upon which relief can or should be granted.

### SECOND DEFENSE

Some or all of the claims in Plaintiff's Complaint are barred by the statute of limitations.

### THIRD DEFENSE

In the event Plaintiff is entitled to damages, which Defendant expressly denies, such damages must be apportioned and reduced in a manner provided by Georgia law.

### FOURTH DEFENSE

There has been insufficiency of process and insufficiency of service of process as, among other things, Defendant was not served with a complete set of documents.

### FIFTH DEFENSE

The Court lacks personal jurisdiction over Defendant.



ALL-STATE LEGAL® DEFENDANT'S EXHIBIT 2

## SIXTH DEFENSE

The imposition of punitive or exemplary damages against Defendant would violate his constitutional rights under the Due Process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United States, the Excessive Fines clause in the Eighth Amendment to the Constitution of the United States, the Double Jeopardy clause in the Fifth Amendment to the Constitution of the United States, similar provisions in the Georgia State Constitution and/or the common law and public policies in Georgia, including but not limited to:

a.  imposition of such damages by a jury which (1) is not provided standards of sufficient clarity for determining the appropriateness and the appropriate size of such a damages award, (2) is not adequately and clearly instructed on the limits of such imposed by the principles of deterrence and punishment, (3) is not expressly prohibited from awarding such damages or determining the amount thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the status, wealth, or state of residence of Defendant, (4) is permitted to award such damages under a standard for determining liability which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes such damages permissible, and (5) is not subject to meaningful trial court and appellate court judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

b.  imposition of such punitive or exemplary damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

c.      imposition of such punitive or exemplary damages, and determination of the amount of an award thereof, employing a burden of proof less than clear and convincing evidence;

d.      imposition of such punitive or exemplary damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all such damages issues only if and after the liability of Defendant has been found on the merits;

e.      imposition of such punitive or exemplary damages, and determination of the amount of an award thereof, under any State's law subject to no predetermined limit, such as a maximum multiple of compensatory damages or maximum amount; and/or

f.      imposition of such punitive or exemplary damages, and determination of the amount of an award thereof, based on anything other than Defendant's conduct in connection with the issues in this litigation, or in any other way subjecting Defendant to impermissible multiple punishment for the same alleged wrong.

## SEVENTH DEFENSE

Plaintiff's claim of willful, wanton and reckless conduct fails to state a claim upon which relief can be granted.

## EIGHTH DEFENSE

There is no basis in law or fact for the imposition of willful, wanton and reckless conduct damages with respect to the claims of the Plaintiff against Defendant.

## NINTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia and therefore fails to state a cause of action or set forth a claim upon which such damages can be awarded.

## TENTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates Defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section I, Paragraph XVII of the Constitution of the State of Georgia and violates Defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia and therefore fails to state a cause of action or set forth a claim supporting the punitive damages claimed.

## ELEVENTH DEFENSE

The claim for "punitive damages" is barred by the provisions of Article VI of the Constitution of the United States.

## TWELFTH DEFENSE

Any application of the provisions of O.C.G.A. § 51-12-5.1 to this case, in regard to any claim for "punitive damages" against Defendant would be unconstitutional for the following reasons:

(1)     Defendant did nothing for which he should be punished, penalized or deterred and, therefore any recovery of "punitive damages" against Defendant would

4

deprive him of property without due process of law in violation of the Fourteenth Amendment of the United States Constitution and in violation of Article I, §I, Paragraph I of the Constitution of the State of Georgia;

(2)     Any recovery of "punitive damages" against Defendant would violate the provisions of Article I, §I, Paragraph II of the Constitution of the State of Georgia;

(3)     Any recovery of "punitive damages" against Defendant would deprive him of his rights to substantive due process as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia;

(4)     Any recovery of "punitive damages" would violate the guaranty against "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, §I, Paragraph 17 of the Constitution of the State of Georgia.

## THIRTEENTH DEFENSE

The claim of plaintiff for punitive damages against Defendant cannot be sustained because an award of punitive damages under Georgia law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the status of Defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental statute that makes punitive damages permissible, and (5)

is not subject to judicial review on the basis of objective standards, would violate Defendant's

due process and equal protection rights guaranteed by the Fourteenth Amendment to the United

States Constitution and the double jeopardy clauses of the Fifth Amendment as incorporated into

the Fourteenth Amendment and by the Georgia constitutional provisions providing for due

process, equal protection, and the guaranty against double jeopardy.

## FOURTEENTH DEFENSE

Plaintiff was contributorily negligent in the incident complained about in the Complaint,

and Plaintiff is consequently precluded from recovery against Defendant.

## FIFTEENTH DEFENSE

Plaintiff's comparative negligence in this accident either wholly bars or reduces

Plaintiff's available recovery from Defendant.

## SIXTEENTH DEFENSE

Plaintiff assumed the risk of injury by negligently operating a vehicle on a public roadway

in violation of applicable law.

## SEVENTEENTH DEFENSE

Plaintiff's negligence in this accident was the sole proximate cause of his injuries.

## EIGHTEENTH DEFENSE

Defendant denies the alleged negligence and consequences thereof in Plaintiff's

Complaint.

## NINETEENTH DEFENSE

Plaintiff's illegal operation of his vehicle on the highway precludes recovery for any

injuries sustained in this accident.

## TWENTIETH DEFENSE

Responding to the allegations of the Plaintiff's Complaint, Defendant responds as follows:

1.

Responding to the allegations of Paragraph 1 of Plaintiff's Complaint, Defendant admits that he is a resident of South Carolina and that he may be served with process at 244 Bluff Landing Road, Jackson, South Carolina, 29831, but denies that he is subject to the jurisdiction of this Court and further denies the remaining allegations of Paragraph 1 of Plaintiff's Complaint.

2.

Responding to the allegations of Paragraph 2 of Plaintiff's Complaint, Defendant admits that venue is proper in this Court but denies the remaining allegations of Paragraph 2 of Plaintiff's Complaint.

3.

Responding to the allegations of Paragraph 3 of Plaintiff's Complaint, Defendant admits that, on or about June 15, 2013, Plaintiff was unlawfully and negligently operating a motor vehicle traveling westbound on Interstate 20, in Morgan County, Georgia, but denies the remaining allegations of Paragraph 3 of Plaintiff's Complaint.

4.

Responding to the allegations of Paragraph 4 of Plaintiff's Complaint, Defendant admits that, on or about June 15, 2013, he was lawfully operating a motor vehicle traveling westbound on Interstate 20, in Morgan County, Georgia, but denies the remaining allegations of Paragraph 4 of Plaintiff's Complaint.

5.

Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendant incorporates by reference his responses to the allegations contained in Paragraphs 1 through 6 above as his response to Paragraph 7 of Plaintiff's Complaint.

8.

In response to the allegations of Paragraph 8 of Plaintiff's Complaint, Defendant notes that the allegations state a conclusion of law to which no response is required.  To the extent the allegations of Paragraph 8 state a factual allegation to which a response is required, Defendant denies said allegations and demands strict proof thereof.

9.

Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint, including all subparts thereof.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant incorporates by reference his responses to the allegations contained in

Paragraphs 1 through 11 above as his response to Paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

In response to the allegations of Paragraph 16 of Plaintiff's Complaint, Defendant notes that the allegations state a conclusion of law to which no response is required. To the extent the allegations of Paragraph 16 state a factual allegation to which a response is required, Defendant admits that Plaintiff purports to bring a renewal action, that the allegations of the instant case are substantially the same or similar to those in the previously dismissed case assigned Civil Action No. 2015CA145, and that the prior case was dismissed without prejudice; however, Defendant denies that Plaintiff has complied with applicable law necessary to bring a valid renewal action and further denies the remaining allegations of Paragraph 16 and demands strict proof thereof.

17.

Defendant denies each and every allegation contained in Plaintiff's request for relief, denies any liability in this action, and denies that Plaintiff is entitled to any relief or recovery.

18.

Defendant denies any allegation of Plaintiff's Complaint not expressly admitted herein.

9

WHEREFORE, having fully answered, Defendant prays that he be discharged without further costs and that he has a trial by a jury of twelve and such other relief as is just and proper.

This 26 day of October, 2015.

MICHAEL N. LOEBL
Georgia Bar No. 455709

OF COUNSEL:

FULCHER HAGLER LLP
POST OFFICE BOX 1477
AUGUSTA, GA 30903-1477
(706) 724-0171

10

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that I have this day served a copy of the foregoing upon the

following:

> Johnny G. Phillips
> Law Office of Johnny Phillips
> 37 Calumet Parkway, Suite K202
> Newnan, Georgia 30263

by depositing said copies in the United States Mail with adequate postage affixed thereto to

ensure proper delivery of same.

This _26_ day of October, 2015.

11