IN THE SUPERIOR COURT OF MORGAN COUNTY
STATE OF GEORGIA

| | |
|---|---|
| BASIL R. MINOTT,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. MERRILL<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Civil Action File No. 2015CA247<br>)<br>)<br>)<br>) |

**DEFENDANT'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF**

Now comes Defendant Michael J. Merrill and requests that Plaintiff admit, for purposes of the pending action only, the truth of the following matters, pursuant to O.C.G.A. § 9-11-36:

1. The amount in controversy in this case does not exceed $75,000.00.

2. Plaintiff has not sustained damages in excess of $75,000.00 in connection with the incident giving rise to this action.

3. Plaintiff will at no time move to amend his complaint to seek an amount in excess of $75,000.00.

4. Plaintiff will not attempt to collect on any judgment rendered in excess of $75,000.00 in the event a verdict is rendered exceeding this amount.

5. The subject vehicular collision was caused as a sole result of Plaintiff's negligence.

This 16 day of November, 2015.

/s/ Michael Loebl
Michael N. Loebl
GA Bar No. 455709
Attorneys for Defendant

OF COUNSEL:
FULCHER HAGLER LLP


DEFENDANT'S EXHIBIT 3

POST OFFICE BOX 1477
AUGUSTA, GA 30903-1477
(706) 724-0171

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served on opposing counsel by depositing same in the United States Mail with sufficient postage attached thereto to ensure delivery, addressed as follows:

> Johnny G. Phillips
> Law Office of Johnny Phillips
> 37 Calumet Parkway, Bldg. K, Suite 202
> Newnan, GA 30269

This 16 day of November, 2015.

_/s/ Michael Self_



IN THE SUPERIOR COURT OF MORGAN COUNTY
STATE OF GEORGIA

BASIL R. MINOTT,

    Plaintiffs,

vs.

MICHAEL J. MERRILL,

    Defendants.

CIVIL ACTION
FILE NO.: **2015CA247**

### PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR ADMISSIONS

COMES NOW Plaintiff, Basil R. Minott, in the above-styled action and responds to Defendant's First Request for Admission of Facts to Plaintiff as follows:

Plaintiff generally object to Defendant's First Request for Admission of Facts as stated below. These general objections shall be deemed to be interposed to each Request, irrespective of whether Plaintiff repeats such objections, unless stated otherwise. To the extent that Plaintiff has objected, Plaintiff respectfully refuses to answer the affected portion of the Request.

A.

Plaintiff objects to these Requests for Admission of Facts to the extent they seek to require Plaintiff to respond on behalf of any other person or entity.

B.

Plaintiff objects to these Requests for Admission of Facts to the extent that they seek to require Plaintiffs to provide information other than that which may be obtained through a reasonably diligent search of Defendants' or Defendants' Insurance Company's own records.

C.

Plaintiff objects to these Requests for Admission of Facts to the extent that they require Plaintiffs to respond to questions or to identify or produce documents relating to times, events and other things outside the scope of the subject matter of the Complaint.

D.

Plaintiff objects to these Requests for Admission of Facts to the extent that they seek to require Plaintiffs to provide information or to identify any documents or other tangible things prepared or obtained in anticipation of litigation or for trial.

E.

Plaintiff objects to these Requests for Admission of Facts to the extent that they seek to require Plaintiffs to disclose privileged attorney-client communications or information otherwise protected from discovery on the grounds of privilege.

F.

Plaintiff objects generally and individually to these Requests for Admission of Facts on the grounds and to the extent that they assume facts not in evidence or are otherwise erroneous and on the further grounds that they are vague, overly broad, oppressive, unduly burdensome, not relevant to the subject matter of the litigation, and not calculated to lead to the discovery of admissible evidence and thus, declines to pursue a detailed search of its documents.

G.

Plaintiff objects to these Requests for Admission of Facts to the extent that they seek to obtain information concerning documents that are not relevant to the subject litigation.

H.

Plaintiff hereby reserves the right to adopt future objections relating to Defendants' First Request for Admission of Facts.

I.

Plaintiff objects to these Requests for Admission of Facts to the extent that they seek to require Plaintiff to gather and summarize information contained in voluminous papers that are already a matter of record.

J.

Plaintiff objects to these Requests for Admission of Facts to the extent that they seek to require Plaintiff to provide information that is equally available to the Plaintiffs as to Defendant.

K.

Plaintiff objects to these Requests for Admission of Facts to the extent that they seek Plaintiff to respond other than in accordance with O.C.G.A. §9-11-26, O.C.G.A. §9-11-33 and O.C.G.A. §9-11-34.

L.

Plaintiff objects to the "Definitions" and "Instructions" section of Defendant's Request for Admission of Facts on grounds that the Definitions and Instructions are overly broad and unduly burdensome and as stated seek to impose upon the Plaintiffs duties beyond that provided for by the Civil Practice Act of Georgia. Plaintiff will respond to requests as provided by the Civil Practice Act of Georgia.

M.

Plaintiff responds to Defendant's First Request for Admission of Facts by incorporating by reference as part of its response all of the "General Objections" that have been delineated above.

N.

Plaintiff reserves the right to supplement and/or amend Plaintiff's responses as information is discovered.

Subject to these General Objections, Plaintiff responds to Defendant as follows:

### III. REQUEST FOR ADMISSIONS

1.

**RESPONSE**: The Plaintiff, after making a reasonable inquiry is unable to admit or deny the subject request. Therefore this request is denied.

2.

**RESPONSE**: The Plaintiff, after making a reasonable inquiry is unable to admit or deny the subject request. Therefore this request is denied.

3.

**RESPONSE**: The Plaintiff, after making a reasonable inquiry is unable to admit or deny the subject request. Therefore this request is denied.

4.

**RESPONSE**: The Plaintiff, after making a reasonable inquiry is unable to admit or deny the subject request. Therefore this request is denied.

5.

**RESPONSE**: DENIED.

This \_\_\_7th\_\_\_ day of December, 2015.

                                                  LAW OFFICE OF JOHNNY PHILLIPS, P.C.

                                                  By: _____
                                                  JOHNNY G. PHILLIPS
                                                  State Bar No. 382150
                                                  Attorney for Plaintiff

37 Calumet Pkwy., Bldg. K, Ste. 202
Newnan, GA 30263
Phone: (404) 487-0184
Fax: (404) 487-0183
Email: johnny@johnnyphillipslaw.com

IN THE STATE COURT OF MORGAN COUNTY
STATE OF GEORGIA

| | |
|---|---|
| BASIL R. MINOTT,<br><br>      Plaintiffs,<br><br>vs.<br><br>MICHAEL J. MERRILL,<br><br>      Defendants. | CIVIL ACTION<br>FILE NO.: **2015CA247** |

## 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

I HEREBY CERTIFY that I have served a copy of *Plaintiff's Response to Defendant's First Request for Admissions* on the Defendant by depositing same in the United States Mail with sufficient postage affixed thereon to ensure delivery at the following address:

Flucher Hagler LLP
Michael N. Loebl
PO BOX 1477
Augusta, GA 30903-1477

This 7th day of December, 2015.

LAW OFFICE OF JOHNNY PHILLIPS, P.C.

By: _____
JOHNNY G. PHILLIPS
State Bar No. 382150
Attorney for Plaintiff

37 Calumet Pkwy., Bldg. K, Ste. 202
Newnan, GA 30263
Phone: (404) 487-0184
Fax: (404) 487-0183
Email: johnny@johnnyphillipslaw.com