## IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF GEORGIA

### ATHENS DIVISION

| | | |
|---|---|---|
| **BASIL R. MINOTT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action File No.:** |
| | ) | |
| **MICHAEL J. MERRILL** | ) | |
| | ) | |
| **Defendant.** | ) | |

RECEIVED 1/11/16

## NOTICE OF REMOVAL TO FEDERAL COURT

Michael J. Merrill, Defendant in the above-styled action, within the time and in the manner prescribed by law, hereby files this Notice of Removal pursuant to the provisions of 28 U.S.C. § 1441, *et seq.*, and shows the following:

1.

Basil R. Minott filed suit against Merrill in the Superior Court of Morgan County, Georgia, which is within the Athens Division of the United States District Court for the Middle District of Georgia. This action is entitled <u>Basil R. Minott v. Michael J. Merrill</u>, and is known as Civil Action No. SUCA2015000247 in that court.

2.

Plaintiff's Complaint was filed in the Superior Court of Morgan County, Georgia on September 25, 2015. A copy of Plaintiff's Complaint, the Summons, the Case Filing Information Form, the Rule 5.2 Certificate of Service of Discovery, the Return of Service, and Plaintiff's written discovery, including Plaintiff's First Request for Admissions to Defendant,

Plaintiff's First Interrogatories to Defendant, and Plaintiff's First Request for Production of Documents and Notice to Produce to Defendant, are attached hereto as Exhibit 1. Exhibit 1 includes all of the process, pleadings, and orders served on Defendant in the Superior Court action.[1]

3.

Defendant Merrill filed his Answer on October 28, 2015, a copy of which is attached as Exhibit 2.

4.

On information and belief, Plaintiff is a domiciliary and citizen of the State of New York.

5.

Defendant is a domiciliary and citizen of the State of South Carolina. Compl. at ¶ 2.

6.

Plaintiff's Complaint alleges that Defendant negligently caused a motor vehicle accident in Morgan County, Georgia, which resulted in injuries to Plaintiff. See generally Compl. at ¶¶ 3-11. Although the Complaint does not seek a sum certain, the Plaintiff alleges therein that he suffered "medical expenses in excess of $5,985.00." Compl. at ¶ 6. Additionally, the Complaint alleges that "Defendant's conduct was reckless, willful, and/or wanton, and demonstrates a conscious indifference to the consequences of his actions and entitles Plaintiff to an award of punitive damages." Compl. at ¶ 13.

---

[1] In his Answer and in his discovery responses, Defendant has preserved certain service-related defenses, as Defendant contends he was not served with the Complaint or summons by the Aiken County (S.C.) deputy who purportedly effected service; defense counsel obtained those pleadings directly from the Superior Court Clerk's Office. This matter is of no consequence to this Notice of Removal, and Defendant merely notes here, consistent with his previously-asserted defenses, that he was not "served" with the Complaint and summons, although Defendant is including those documents in Exhibit 1 for the convenience of the Court and the parties.

7.

On November 16, 2015, Defendant served Plaintiff with Defendant's First Request for Admissions. Among other things, Defendant requested Plaintiff to admit that he has not sustained damages in excess of $75,000.00 in connection with the incident giving rise to this action. See Defendant's First Request for Admissions to Plaintiff, request no. 3. On December 7, 2015, Plaintiff served his Responses to Defendant's First Request for Admissions. Among other denials, Plaintiff denied therein the request asking him to admit that he has not suffered damages in excess of $75,000.00. See Plaintiff's Response to Defendant's First Request for Admissions, response no. 3. Copies of Defendant's First Request for Admissions to Plaintiff and Plaintiff's Response to Defendant's First Request for Admissions are attached as Exhibit 3.

8.

Given Plaintiff's discovery responses, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs, and Defendant consequently may remove the case to this Court.

9.

The United States District Court has original jurisdiction over Plaintiff's claim by virtue of diversity of citizenship and satisfaction of the amount in controversy requirement of 28 U.S.C. § 1332.

10.

At the present time, removal to this Court and Division is appropriate pursuant to 28 U.S.C. §§ 1441(a) and 1446.

11.

This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), having been filed within thirty (30) days of Defendant's receipt of Plaintiff's Responses to Defendant's First Request for Admissions. See 28 U.S.C. § 1446(b)(3) & (c)(3)(A).

12.

Counsel for Defendant Merrill hereby certifies that this Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

13.

Pursuant to statute, a copy of this Notice of Removal will be promptly filed with the Superior Court of Morgan County and served on all parties of interest. Additionally, Defendant will promptly file and serve upon all parties a Notice of Filing of Notice of Removal.

WHEREFORE, Defendant prays that this case be removed to the United States District Court for the Middle District of Georgia, Athens Division.

This 6th day of January, 2016.

/s/ Michael N. Loebl
MICHAEL N. LOEBL
Georgia Bar No. 455709
Attorney for Defendant

OF COUNSEL:
Fulcher Hagler LLP
P.O. Box 1477
Augusta, GA 30903-1477
(706) 724-0171
mloebl@fulcherlaw.com

4

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the Notice of Removal to Federal Court by causing same to be placed in the U.S. mail, postage prepaid, to the following attorney(s) of record:

> Johnny G. Phillips
> Law Office of Johnny Phillips
> 37 Calumet Parkway, Suite K202
> Newnan, Georgia 30263

This the 6th day of January, 2016.

> /s/ Michael N. Loebl
> MICHAEL N. LOEBL
> Georgia Bar No. 455709
> Attorney for Defendant

OF COUNSEL:
Fulcher Hagler LLP
P.O. Box 1477
Augusta, GA 30903-1477
(706) 724-0171
mloebl@fulcherlaw.com

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Basil R. Minott | Michael J. Merrill |

| (b) County of Residence of First Listed Plaintiff    Westchester County, NY | County of Residence of First Listed Defendant    Aiken County, SC |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Law Office of Johnny Phillips, 37 Calumet Parkway, Suite K202<br>Newnan, GA 30263  (770) 683-1934 | Fulcher Hagler, LLP, P.O. Box 1477, Augusta, GA 30903<br>(706) 724-0171 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>  Liability<br>☐ 320 Assault, Libel &<br>  Slander<br>☐ 330 Federal Employers'<br>  Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>  Liability<br>☒ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>  Product Liability<br>☐ 360 Other Personal<br>  Injury<br>☐ 362 Personal Injury -<br>  Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>  Product Liability<br>☐ 367 Health Care/<br>  Pharmaceutical<br>  Personal Injury<br>  Product Liability<br>☐ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>  Property Damage<br>☐ 385 Property Damage<br>  Product Liability | ☐ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>  28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>  Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>  Act<br>☐ 896 Arbitration |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>  Accommodations<br>☐ 445 Amer. w/Disabilities -<br>  Employment<br>☐ 446 Amer. w/Disabilities -<br>  Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>  Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>  Conditions of<br>  Confinement | **LABOR**<br>☐ 710 Fair Labor Standards<br>  Act<br>☐ 720 Labor/Management<br>  Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>  Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>  Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>  Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>☐ 871 IRS—Third Party<br>  26 USC 7609 | ☐ 899 Administrative Procedure<br>  Act/Review or Appeal of<br>  Agency Decision<br>☐ 950 Constitutionality of<br>  State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
Motor vehicle accident

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 01/06/2016 | /s/ Michael N. Loebl |

### FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/12)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.



FILED IN OFFICE
9/25/2015 3:50 PM
JODY M. MOSS, CLERK
SUPERIOR & JUVENILE COURT
MORGAN COUNTY, GEORGIA

## IN THE SUPERIOR COURT OF MORGAN COUNTY
### STATE OF GEORGIA

BASIL R. MINOTT,

       Plaintiff,

vs.

MICHAEL MERRILL,

       Defendant.

CIVIL ACTION

FILE NO.: 2015 CA 247

**JURY TRIAL DEMANDED**

### COMPLAINT FOR DAMAGES

COMES NOW BASIL R. MINOTT, Plaintiff in the above styled action and files this claim for damages and shows the Court as follows:

1.

Defendant Michael Merrill (hereinafter, "Defendant Merrill"), is a resident of South Carolina and is subject to the jurisdiction of this Court. Defendant Merrill may be served with process at 244 Bluff Landing Road, Jackson, South Carolina, 29831.

2.

Venue is proper in this honorable court pursuant to O.C.G.A § 9-10-91 (2), as the tortious act at issue occurred in Morgan County.

### BACKGROUND

3.

On or about June 15, 2013, Plaintiff BASIL R. MINOTT(hereinafter "Plaintiff") was operating a motor vehicle traveling westbound on Interstate 20, at or near mile marker 121, in Morgan County, Georgia.



DEFENDANT'S
EXHIBIT

1

ALL-STATE LEGAL

4.

On or about June 15, 2013, Defendant Merrill was operating a motor vehicle traveling westbound on Interstate 20, at or near mile marker 121, in Morgan County, Georgia, approximately parallel to the Plaintiff's vehicle.

5.

At this point in time, Defendant Merrill negligently, unlawfully and improperly changed lanes and drove into Plaintiff Minott's lane of travel, thereby colliding with the Plaintiff's vehicle.

6.

As a direct and proximate result of the negligence of Defendant Merrill, Plaintiff Minott, suffered bodily injuries and medical expenses in excess of $5,985.00, itemized as follows:

|   | Provider: | Dates of Service: | Amount: |
|---|-----------|-------------------|---------|
| 1. | John's Creek Diagnostic Center | 6/15/13 – 7/25/13 | $ N/A |
| 2. | Apex Healthcare and Rehab | 6/21/13 – 11/6/13 | $ 5,905.00 |
| 3. | Markham Rd. Medical Center | N/A | $ N/A |
| 4. | Parkview Family Medical Center | 10/16/13 | $ 80.00 |

## COUNT I
## NEGLIGENCE OF DEFENDANT

7.

Plaintiff incorporates and realleges the allegations contained in paragraphs 1 through 6 above as if fully restated herein.

8.

Defendant Merrill owed Plaintiff the duty of a reasonably prudent driver, observant of changing roadway conditions, and to obey all traffic laws of the State of Georgia.

9.

Defendant Merrill has breached this duty by failing to remain observant while operating a vehicle and by failing to maintain his lane of travel in violation of O.C.G.A. §40-6-48.

10.

Furthermore, Defendant was negligent in the following ways:

(a)     Operating a vehicle while using a wireless device in violation of O.C.G.A. § 40-6-241.1;

(b)     Operating a vehicle while text messaging in violation of O.C.G.A. § 40-6-241.2;

(c)     Driving at a greater speed than reasonable and prudent in violation of O.C.G.A § 40-6-180;

(d)     Failing to exercise due care in violation of O.C.G.A. § 40-6-241;

(e)     Failing to maintain a proper lookout;

(f)     Driving with reckless disregard for the safety and property of others in violation of O.C.G.A. § 40-6-390; and

(g)     By committing any acts or omissions which may be shown at trial.

11.

As a direct and proximate result of this collision, Plaintiff suffered bodily injuries and medical expenses in excess of $5,985.00.

## COUNT II
## PUNITIVE DAMAGES AS TO DEFENDANT GLOSSON

12.

Plaintiff realleges and incorporate the allegations contained in paragraphs 1 through 11 above as if fully stated herein.

13.

Defendant's conduct was reckless, willful and/or wanton, and demonstrates a conscious

indifference to the consequences of his actions and entitles Plaintiff to an award of punitive damages.

14.

As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injuries and medical expenses in excess of $5,985.00.

15.

As a direct and proximate result of the Defendant's negligence, Plaintiff is entitled to an award of special damages for medical expenses, past and future, in an amount to be shown at trial, and general damages in an amount to be determined by this court against Defendant, all in an amount in excess of $5,985.00.

16.

This Complaint is a renewal action against this Defendant. The allegations are essentially the same as those contained in a prior action in this same Court that was assigned Civil Action No. 2015CA145. That action was voluntarily dismissed without prejudice. The former action was not void and was not dismissed on its merits. This complaint is a valid action that may be renewed under O.C.G.A. § 9-2-61. All costs have been paid and this action is being renewed within six months.

WHEREFORE, Plaintiff prays as follows:

a) That process be issued and Defendant be served with process as provided by law;

b) That Plaintiff have a trial by jury on all issues so triable;

c) That Plaintiff have a verdict and judgment against Defendant to compensate Plaintiff for all special, general, compensatory and consequential damages in an amount proven at trial to be adequate and just;

d) That all costs be cast against Defendants; and

e) That this Court grant such other and further relief as it deems appropriate.

Respectfully, submitted this 18th day of September, 2015.

_Johnny Phillips_
**JOHNNY G. PHILLIPS**
State Bar No. 382150
Attorney for Plaintiff

**LAW OFFICE OF JOHNNY PHILLIPS**
37 Calumet Parkway – Bldg. K, Suite 202
Newnan, Georgia 30269
*Phone* | (404) 487-0184 | *Fax* (404) 487-0183
johnny@johnnyphillipslaw.com

SUMMONS                                    SC-85-1                          Clyde Castleberry Co., Covington, GA 30015

IN THE ~~SUPERIOR~~ STATE COURT OF ___Morgan___ COUNTY

**STATE OF GEORGIA**

Basil A. Minott _____

CIVIL ACTION
NUMBER ___2015CA247___

_____

**PLAINTIFF**

VS.

Michael Merrill _____

_____

**DEFENDANT**

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Law Office of Johnny Phillips
37 Calumet Pkwy., Bldg. K,
Suite. 202
Newnan, Georgia 30263

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 25th day of September, 20 15.

Clerk of ~~Superior~~/State Court

BY _____
                              Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

# General Civil Case Filing Information Form (Non-Domestic)

FILED IN OFFICE
9/25/2015 3:50 PM
JODY M. MOSS, CLERK
SUPERIOR/JUVENILE COURT
MORGAN COUNTY, GEORGIA

**Court**   **County** MORGAN   **Date Filed** _____

☑ **Superior**                                    MM-DD-YYYY
☐ **State**   **Docket #** 2015(A)247

## Plaintiff(s)                           ## Defendant(s)

MINOTT   BASIL   R.                       MERRILL   MICHAEL

| Last | First | Middle I. | Suffix Prefix | Maiden |    | Last | First | Middle I. | Suffix Prefix | Maiden |

| Last | First | Middle I. | Suffix Prefix | Maiden |    | Last | First | Middle I. | Suffix Prefix | Maiden |

| Last | First | Middle I. | Suffix Prefix | Maiden |    | Last | First | Middle I. | Suffix Prefix | Maiden |

| Last | First | Middle I. | Suffix Prefix | Maiden |    | Last | First | Middle I. | Suffix Prefix | Maiden |

**No. of Plaintiffs** ___1___              **No. of Defendants** ___1___

**Plaintiff/Petitioner's Attorney**   ☐ **Pro Se**

PHILLIPS   JOHNNY
| Last | First | Middle I. | Suffix |

**Bar #** 382150

---

## Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgement Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☑ Tort (If tort, fill in right column)

☐ Other General Civil (Specify) _____

---

## If Tort is Case Type:
### (Check no more than TWO)

☑ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other (Specify)_____

_____

**Are Punitive Damages Pleaded?**   ☑ Yes   ☐ No

---

☑ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1



FILED IN OFFICE
9/25/2015 3:50 PM
JODY M. MOSS, CLERK
SUPERIOR & JUVENILE COURT
MORGAN COUNTY, GEORGIA

## IN THE SUPERIOR COURT OF MORGAN COUNTY
## STATE OF GEORGIA

BASIL R. MINOTT,

                    Plaintiff,

vs.

MICHAEL MERRILL,

                    Defendant.

CIVIL ACTION

FILE NO.: 2015CA247

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

I HEREBY CERTIFY that I have served a copy of Plaintiff's First Interrogatories, Request to Produce Documents and Request for Admissions to Defendant MICHAEL MERRILL upon all parties in this matter by including a true and correct copy of same which is to be served contemporaneously with the complaint and summons by a Deputy of the Sheriff's Office or other proper Process Server, as approved by the Georgia Civil Practice Act, who is to effectuate service at the following address:

Michael Merrill
244 Bluff Landing Rd.
Jackson, SC 29831

Respectfully submitted this _18th_ day of _Septemb_ , 2015.

Respectfully Submitted By:

JOHNNY G. PHILLIPS
Georgia Bar No. 382150
Attorney for Plaintiff

LAW OFFICE OF JOHNNY PHILLIPS
37 CALUMET PARKWAY
SUITE K202
NEWNAN GEORGIA 30263
(404) 487-0184
FAX: (404) 487-0183
Johnny@johnnyphillipslaw.com

SHERIFF'S ENTRY OF SERVICE                                    SC-85-2

Civil Action No. _2015CA247_

Date Filed _September 25, 2015_

Superior Court ☑    10/16/2015 Basil Minott Court
State Court ☐        JUDY H. MOSS, CLERK
Juvenile Court ☐     SUPERIOR & JUVENILE COURT
                     MORGAN COUNTY, GEORGIA

FILED CLERK SUPERIOR CO., COVINGTON, GA 30015

Georgia, _Morgan_ COUNTY

_Basil A. Minott_

Attorney's Address

Law Office of Johnny Phillips
37 Calumet Pkwy., Bldg. K,
Suite. 202
Newnan, Georgia 30263

Plaintiff

VS.

_Michael Merrill_

Name and Address of Party to be Served.

_Michael Merrill_

_244 Bluff Landing Road_

_Jackson, South Carolina 29831_

Defendant

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☑ I have this day served the defendant _MICHAEL MERRILL_ _____ personally with a copy of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
☐ Served the defendant _____ a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _7_ day of _OCTOBER_, 20 _15_. @ 12:50PM

_____
DEPUTY

SHERIFF DOCKET_____ PAGE _____

WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT



RECEIVED
10/13/15

COMPLETED
SHERIFF'S OFFICE
AIKEN COUNTY S.C.



## STATE OF SOUTH CAROLINA
# AIKEN COUNTY SHERIFF'S OFFICE
### AFFIDAVIT OF SERVICE / NON-SERVICE

CASE # | 1 | 5 | - | 0 | 5 | 8 | 3 | 7 | 8 | | |

DOCKET/CASE#   2015 CA 247

### Vs.

| PLAINTIFF | DEFENDANT |
|---|---|
| Basil R Minott | Michael Merrill |
| | |
| | |

THIS IS TO CERTIFY THAT I, __JACK RANDALL__, DEPUTY SHERIFF OF AIKEN COUNTY, STATE OF SOUTH CAROLINA
SERVED / ATTEMPTED TO SERVE THE:

☒ REQ. FOR ADMISSION       ☐ NOTICE OF FINANCIAL RESPONSIBILITY
☒ REQ. FOR PRODUCTION OF DOCUME    ☐ PETITION
☒ RULE 5 CERT. OF DISCOVERY     ☐ NOTICE OF HEARING
☒ COMPLAINT             ☐ ORDER OF PROTECTION
☒ FIRST INTERROGATORIES      ☐ NOTICE TO VACATE
☐ DETERMINATION OF PATERNITY    ☐ MOTION/NOTICE OF MOTION

IN THE ABOVE TITLED ACTION ON THE SUBJECT: __MICHAEL MERRILL__

### ☒ (SERVED)

BY DELIVERING THE SAME TO:
☒ THE DEFENDANT PERSONALLY    ☐ A PERSON OF DISCRETION RESIDING AT THE DEFENDANTS RESIDENCE

(RELATIONSHIP):   ☐ FATHER ☐ MOTHER ☐ SPOUSE ☐ SON ☐ DAUGHTER ☐ BROTHER ☐ SISTER

☐ OTHER _____ (NAME)_____

☐ ( CORPORATE DEFENDANT)_____ (TITLE)_____

### ☐ (NON-SERVED)

☐ UNABLE TO LOCATE THE SUBJECT ☐ THE SUBJECT NO LONGER RESIDES ☐ OTHER_____

AT
| ADDRESS | CITY | STATE | ZIP CODE | LOCATION # |
|---|---|---|---|---|
| 244 Bluff Landing Rd | Jackson | SC | 29831 | |

| DATE: | TIME: |
|---|---|
| 10/07/15 | 1240 PM |

SWORN TO AND BEFORE ME THIS:

DATE

NOTARY PUBLIC FOR SOUTH CAROLINA
MY COMMISSION EXPIRES ON:
DATE ENTERED

DEPUTY SHERIFF         3862
AIKEN COUNTY, S. C.

COURT:
| DATE: | TIME: |
|---|---|
| | |

ATTEMPTS: 1

SHERIFF'S #

ACSO Form: CP/001 (02/02/11)

IN THE SUPERIOR COURT OF MORGAN COUNTY
STATE OF GEORGIA

BASIL R. MINOTT,

                Plaintiff,              CIVIL ACTION

vs.                               FILE NO.:

MICHAEL J. MERRILL,

                Defendant.

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT MICHAEL MERRILL

In compliance with O.C.G.A. § 9-11-36, the Defendant Michael Merrill(hereinafter "Defendant"), is required to admit the truth of the separately listed matters of fact, and the genuineness of the attached documents forty-five (45) days after service of this request. As required by statute, the Defendant is required to respond to this request in writing.

Defendant is specifically reminded that the separately listed statements of facts are deemed admitted unless, within forty-five (45) days after service of this First Request For Admissions to Defendant, the Defendant serves a written answer, or objection, addressed to each fact.

This request for admissions is subject to and is deemed to include and incorporate the following definitions:

## I. DEFINITIONS

1.    As used herein, the word "document" shall mean, in addition to its common meaning, the original and all copies of any writing or record of every type and description, however produced or reproduced, including, but without limitation, correspondence, contracts, proposals, memoranda, tapes, stenographic or handwritten notes, studies, publications, minutes, books, pamphlets, pictures, drawings, photographs,

films, microfilms, voice or sound recordings, magnetic recordings, maps, reports, surveys, statistical compilations, tax returns, financial statements, accounting or other financial papers, invoices, receipts, checks, check stubs, accounts, deposit slips, ledgers, calendars, diaries, appointment books, time-keeping records, computer or electronic mail message ("e-mail"), and expense account records.

2. The word "person" means any individual, partnership, corporation, division, firm, business or other entity.

3. As used herein, the phrases "relating to" and "relate to" shall be construed in their broadest sense and shall mean describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, whether in whole or in part.

4. As used herein, the phrase "refer to" and "reference" shall be construed in their broadest sense and shall mean describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, whether in whole or in part.

5. As used herein, the word "all" shall be deemed to include and encompass the words "each," "every" and "any."

6. With regard to the terms defined herein, all terms in the singular shall include the plural, and all terms used in the plural shall include the singular.

7. The conjunction "and/or" shall be interpreted in every instance both conjunctively and disjunctively.

## II. ADMISSIONS

1.

On June 15, 2013, Defendant caused the vehicular collision at issue.

2.

The subject vehicular collision was not the fault of any person not a party to this lawsuit.

3.

The Plaintiff did not contribute to causing the subject vehicular collision in any manner.

4.

The subject vehicular collision was caused as a sole result of Defendant's negligence.

5.

On June 15, 2013, Defendant had full authority to operate the vehicle which he was driving and which was involved in the subject collision.

6.

On June 15, 2013, Defendant failed to be observant while driving on the roadways of Georgia prior to and at the time of the subject collision.

7.

On June 15, 2013, Defendant was aware that it was unlawful to change lanes and collide with another vehicle in violation of O.C.G.A. §40-6-48 on the roadways of Georgia.

8.

As a result of the subject collision at issue Defendant received a traffic citation for improper lane change in violation of O.C.G.A. § 40-6-48.

9.

As a result of the subject collision at issue Defendant pled guilty for a traffic citation for improper lane change in violation of O.C.G.A. § 40-6-48.

10.

If Defendant did not receive a traffic citation as a result of the subject collision at issue, Defendant was informed by the investigating officer identified in the related accident report that he was at fault for improperly changing lanes in violation of O.C.G.A. § 40-6-48.

11.

On June 15, 2013, Defendant was aware that he should not text or utilize a cellular phone type device in violation of O.C.G.A. § 40-6-241.1.

12.

As a result of the subject collision at issue Defendant received a traffic citation for using a cellular phone type device in violation of O.C.G.A. § 40-6-241.1.

13.

As a result of the subject collision at issue Defendant pled guilty for a traffic citation for using a cellular phone type device in violation of O.C.G.A. § 40-6-241.1.

14.

If Defendant did not receive a traffic citation as a result of the subject collision at issue, Defendant was informed by the investigating officer identified in the related accident report that he was at fault for using a cellular phone type device in violation of O.C.G.A. § 40-6-241.1.

15.

The collision which gives rise to this suit was caused solely and directly by Defendant's negligence.

16.

The incident report attached to these requests accurately describes the location of the collision.

17.

The incident report attached to these requests contains a reasonably accurate description of the collision.

18.

The Plaintiff sustained injuries as a result of the June 15, 2013 collision.

19.

The Plaintiff experienced pain and suffering as a result of the June 15, 2013 collision.

20.

The Plaintiff is entitled to recover damages from Defendant for his personal injuries.

21.

The Plaintiff is entitled to recover from Defendant for his reasonable and necessary medical expenses.

22.

The Plaintiff's medical expenses itemized in his Complaint and served contemporaneously with these requests are reasonable and necessary.

23.

Defendant has been properly served with process in this action.

24.

Defendant is subject to the jurisdiction and venue of this court.

*Signature on following page.*

Respectfully submitted this _____ day of _____, 2015.

Respectfully Submitted By:

_____

JOHNNY G. PHILLIPS
Georgia Bar No. 382150
Attorney for Plaintiff

LAW OFFICE OF JOHNNY PHILLIPS
37 CALUMET PARKWAY
SUITE K202
NEWNAN GEORGIA 30263
(404) 487-0184
FAX: (404) 487-0183
Johnny@johnnyphillipslaw.com

IN THE SUPERIOR COURT OF MORGAN COUNTY
STATE OF GEORGIA

BASIL R. MINOTT,

                   Plaintiff,               CIVIL ACTION

vs.                                          FILE NO.:

MICHAEL MERRILL,

                   Defendant.

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT MICHAEL MERRILL

COMES NOW, Plaintiff in the above styled action and hereby requires that Defendants Michael Merrill (hereinafter "Defendant") answer under oath and in writing the following interrogatories within forty-five (45) days from the date of service, i.e. the time provided for response pursuant to O.C.G.A. § 9-11-33, and that a copy of the answers be furnished to the Plaintiffs' attorney, Law Office Of Johnny Phillips, PC, Attn:  Johnny G. Phillips, 37 Calumet Parkway, Building K, Suite 202, Newnan, Georgia 30263.

## I.  INSTRUCTIONS

**NOTE A:**    When used in these interrogatories, the phrase "Defendant", "individual in question", "you" or any synonym thereof are intended to and shall embrace and include, in addition to the Defendant individually, his attorneys, agents, servants, employees, representatives, private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of the Defendant.

NOTE B:   Throughout these interrogatories, wherever the Defendant is requested to identify a communication of any type and such communication was oral, the following information should be furnished with regard to each such communication:

(a)   By whom it was made, and to whom;

(b)   The date upon which it was made;

(c)   Who else was present when it was made;

(d)   Whether it was recorded or described in any writing of any type and, if so, identification of each such writing in the manner indicated in Note C below.

**NOTE C:**   Throughout these interrogatories, wherever the Defendant is requested to identify a communication, letter, document, memorandum, report or record of any type and such communication was written, the following information should be furnished:

(a)   A specific description of its nature (e.g., whether it is a letter, a memorandum, etc.);

(b)   By whom it was made and to whom it was addressed;

(c)   The date it was made; and

(d)   The name and address of the present custodian of the writing or, if not known, the name and address of the present custodian of a copy thereof.

**NOTE D:**   Throughout these interrogatories, wherever the Defendant is requested to identify a person, the following information should be furnished:

(a)   The person's full name;

(b)   His or her present home and business address and telephone number at each address;

(c)     His or her occupation; and

(d)     His or her place of employment.

**NOTE E:**     These interrogatories shall be deemed continuing to the extent required by law. You are required to (1) seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters as well as the identity of each person expected to be called as a witness at trial, the subject matter on which he or she is expected to testify and the substance of his or her testimony; (2) amend any prior response if you subsequently learn that the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance a knowing concealment; and (3) provide such other supplementary responses required by law.

## II. INTERROGATORIES

1.

State your full name, birth date, marital status, social security number, and the names and addresses of any relatives you have in the county in which the above-captioned action is pending.

2.

State your residence address, including any apartment number, and the address and period of time you lived at each residence for the previous five (5) years.

3.

Identify each of your employers for the past five (5) years, the position and job duties you held with each such employer, and the reason for your change of employment.

4.

If you have ever been arrested, state the date, jurisdiction and charges made in each such arrest, and, if convicted, the date thereof and the court in which such charges were brought.

5.

If, within the twenty-four (24) hour period immediately preceding the collision, you consumed any prescription medication, drug or alcoholic beverage, state the quantity consumed, the time it was consumed, and the place where it was consumed.

6.

Did you have a valid driver's license at the time of the subject collision and does it remain valid? If so, were there any restrictions on said driver's license?

7.

If you have been involved in any other motor vehicle collisions, identify each collision by date, place, and how said collision occurred.

8.

If you have been a party to *any legal* action (other than this action), please describe each such action, giving the date of each such action, the court in which it was brought, and the names of other parties to each such action.

9.

Identify each insurance company, including excess carriers and umbrella coverage's, which might be liable to satisfy all or part of any judgment which may be entered in this action, and for each insurer give the following information: name and address of company; limits of liability coverage; policy number; and named of insured.

## VEHICLE INFORMATION

10.

Identify all owners and lessors of the vehicle you were operating at the time of the subject collision.

11.

If you were not the servant, agent or employee of the owner of the vehicle you were operating at the time of the collision, state the circumstances under which you were operating the vehicle at the time of the subject collision.

12.

How long had you operated this particular vehicle?

13.

When did you make the last inspection of the vehicle prior to the collision?

14.

If at any time between the last inspection prior to the subject collision and the date of the subject collision, the vehicle you were driving had any mechanical defects, state the nature of the defects.

15.

What was the extent of damage the car you were driving sustained as a result of the collision, giving the time of loss of use, cost of repair and who repaired the vehicle?

## WITNESS INFORMATION

16.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to you who saw or claim they saw all or any part of the occurrence complained of in this action?

17.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to you who arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence?

18.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to you having knowledge of relevant information, facts or circumstances in this action?

19.

Identify all persons who witnessed you consume any drug, prescription or otherwise, or alcoholic beverage within the twelve (12) hour period immediately preceding the subject collision.

20.

Identify all persons who have furnished statements, signed or unsigned, to you, your representative or attorney.

21.

Pursuant to the provisions of O.C.G.A. § 9-11-26 (b)(4)(A)(i), Defendant is requested to identify each person whom Defendant expects to call as an expert witness at trial, state the subject matter on which such expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds of each opinion.

22.

If you have retained or employed an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, please identify and state specifically the name and address of each such expert.

## COLLISION INFORMATION

23.

Where had you been prior to the subject collision, where were you going at the time of the subject collision, and what time were you due to arrive at your destination?

24.

What speed do you contend the car in which you were driving was traveling at the time of the collision?

25.

State in detail your version of how the subject collision occurred, including what you did to avoid the collision, and whether at the first moment you saw Plaintiff's vehicle it was stopped or moving, and its direction and speed if it was moving.

26.

State the substance of every utterance made by you or to you at the scene of the collision and identify the speaker by name, if known, or by any other facts which might lead to the discovery of the speaker's identity.

27.

If you received a citation of any sort as a result of this collision, state the nature of same, the dispositions made and the court involved.

28.

To your knowledge, information or belief, are there any photographs or drawings of the scene of the incident complained of, any vehicle or other physical object involved in the incident, or any person (including any party) involved in the incident? If so, please describe each individual photograph or drawing with specificity, including, but not limited to, the date made, by whom it was made, the form (whether photographic print, transparency, diagram, plat, etc.), the subject represented, all facts represented or shown, and the present location and the name of the person having possession, custody or control.

29.

Were you familiar with the general area where this collision occurred?

30.

Identify every act by which you claim the Plaintiff unreasonably exposed himself to a foreseeable risk of injury.

31.

Identify every other act or event which supports each affirmative defense that you raise.

32.

Please identify the cellphone number and service provider for all cellphones owned, used or operated by the Defendant on the date of the incident.

33.

Please identify all social media outlets you have utilized from the time of the collision through the present time, including but not limited to, Facebook, MySpace, Twitter, and any internet blogs, boards or chatrooms, as well as your screen or user name for each account utilized. Please also state the date and nature of any entries, postings, or photographs concerning the collision, Defendant(s), and/or your injuries. Please also state whether any such entries, postings, or photographs have been deleted and, if so, provide the date(s) the items were deleted.

*Signature on following page.*

Respectfully submitted this _____ day of _____, 2015.

Respectfully Submitted By:

JOHNNY G. PHILLIPS
Georgia Bar No. 382150
Attorney for Plaintiff

LAW OFFICE OF JOHNNY PHILLIPS
37 CALUMET PARKWAY
SUITE K202
NEWNAN GEORGIA 30263
(404) 487-0184
FAX: (404) 487-0183
Johnny@johnnyphillipslaw.com

IN THE SUPERIOR COURT OF MORGAN COUNTY
STATE OF GEORGIA

BASIL R. MINOTT,

                   Plaintiff,

vs.

MICHAEL MERRILL,

                   Defendant.

CIVIL ACTION

FILE NO.:

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT MICHAEL MERRILL

COMES NOW, Plaintiff in the above-styled civil action, and files this Request for Production of Documents to Defendant Michael Merrill (hereinafter "Defendant") pursuant to O.C.G.A. Section 9-11-34. Defendant is required to comply with said Code section and produce a true and correct copy of each of the following documents to Plaintiff's attorney, Law Office Of Johnny Phillips, PC, Attn: Johnny G. Phillips, 37 Calumet Parkway, Building K, Suite 202, Newnan, Georgia 30263, forty-five (45) days from the date of service.

### I. INSTRUCTIONS

Plaintiff requests that, along with the production of documents, a written response be made detailing the documents produced and any documents covered by these requests which Defendant objects to producing.

**NOTE A:**    These requests are continuous and should be supplemented if additional information is received at a later date.

NOTE B: When used in these requests. the phrase "Defendant", "individual in question", "you" or any synonym thereof are intended to and shall embrace and include, in addition to the Defendant individually, his attorneys, agents, servants, employees, representatives, private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of the Defendant.

**NOTE C:** If documents requested are not in Defendant's possession, please state as follows:

(1) name of person who has possession or knowledge of whereabouts;

(2) business address of such;

(3) business telephone number of such.

**NOTE D:** If you claim that a privilege applies to any document sought by this request, then state the factual and legal basis for the claimed privilege and identify the document (by date, author, recipient, general subject matter) so that it can be described in a motion to compel.

## II. REQUESTS FOR PRODUCTION OF DOCUMENTS

1.

In the event that Defendant was licensed to operate a motor vehicle at the time of the incident referred to in the complaint in this action, or is presently licensed to operate a motor vehicle, please produce, as hereinabove requested, Defendant's driver license(s) or an accurate and legible photostatic copy thereof.

2.

Please produce, as hereinabove requested, a copy of your driving record for the past seven (7) years. In lieu of providing this document, you may sign the attached authorization so that the Plaintiff may obtain this information directly from the Department of Driver Services.

3.

Please produce, as hereinabove requested, any and all photographs, sketches, transparencies and/or drawings of any person, party, vehicle, roadway, scene, or any other object or thing relative to the incident referred to in the complaint of this action and the subject matter thereof.

4.

Please produce, as hereinabove requested, any and all accident reports concerning the subject collision, including any that were prepared by you or on your behalf.

5.

Please produce, as hereinabove requested, any and all damage appraisals and repair invoices of Defendant's vehicle.

6.

Please produce, as hereinabove requested, the title to the vehicle driven by the Defendant at the time of the subject collision, or the lease papers or contracts if said vehicle was not owned by Defendant.

7.

Please produce, as hereinabove requested, all equipment and maintenance records on the subject vehicle.

8.

Please produce, as hereinabove requested, any and all written or recorded statements made by any witness, party or other person having relevant information or knowledge of any fact or circumstance in this action.

9.

Please produce, as hereinabove requested, all surveillance movies or photographs which have been made of the Plaintiff.

10.

Please produce, as hereinabove requested, any and all reports, whether written or otherwise recorded, made by any expert or experts who have been retained or otherwise employed by Defendant in anticipation of litigation or preparation for trial in this action.

11.

Please produce, as hereinabove requested, any and all insurance agreements, contracts, and/or policies under which any person or corporation carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering Defendant or the automobile being driven by Defendant at the time of the subject collision.

12.

Please produce, as hereinabove requested, all settlement agreements, in which you have arrived at a settlement or agreement between you and any other person, whether or not a party to this action, regarding or pertaining to the subject incident or any damages resulting therefrom.

13.

Please produce copies of any and all traffic citations, arrest records or any other document reflecting your violation of law on the date of the collision at issue.

14.

Please produce copies of Defendant's cellphone records for the date of the incident complained of, showing the time, dialer and recipient of all incoming and outgoing calls, texts and messages, as well as all data usage.

15.

Please produce any and all documents, evidence of writing, or any other tangible thing which you or anyone on your behalf referred to in any form or fashion in answering or attempting to answer Plaintiff's

First Interrogatories to Defendant.

16.

Please produce all documents obtained through third party requests and subpoenas, including but not limited to any indexes or reports prepared by MIB Group, Inc., formerly known as The Medical Information Bureau, Inc.

17.

A list of all documents which are being withheld from production of documents by virtue of any privilege of non-production for any other reason, identifying each document by its name, date, author, and recipient and specifying the reason for withholding it from production.

18.

Please produce copies of any and all Facebook and/or other social media postings, comments, and photographs concerning the collision, the vehicles involved, Defendant, and/or your resulting injuries.

Respectfully submitted this _14th_ day of _September_, 2015.

Respectfully Submitted By:

JOHNNY G. PHILLIPS
Georgia Bar No. 382150
Attorney for Plaintiff

LAW OFFICE OF JOHNNY PHILLIPS
37 CALUMET PARKWAY
SUITE K202
NEWNAN GEORGIA 30263
(404) 487-0184
FAX: (404) 487-0183
Johnny@johnnyphillipslaw.com





IN THE SUPERIOR COURT OF MORGAN COUNTY
STATE OF GEORGIA

| | |
|---|---|
| BASIL R. MINOTT | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action File No. 2015CA247 |
| | ) |
| MICHAEL J. MERRILL | ) |
| | ) |
| Defendant. | ) |

### ANSWER OF DEFENDANT MICHAEL J. MERRILL

MICHAEL J. MERRILL, Defendant herein, responds to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Some or all of the claims in Plaintiff's Complaint fail to state a claim against Defendant

upon which relief can or should be granted.

### SECOND DEFENSE

Some or all of the claims in Plaintiff's Complaint are barred by the statute of limitations.

### THIRD DEFENSE

In the event Plaintiff is entitled to damages, which Defendant expressly denies, such

damages must be apportioned and reduced in a manner provided by Georgia law.

### FOURTH DEFENSE

There has been insufficiency of process and insufficiency of service of process as, among

other things, Defendant was not served with a complete set of documents.

### FIFTH DEFENSE

The Court lacks personal jurisdiction over Defendant.



DEFENDANT'S
EXHIBIT
2
ALL-STATE LEGAL®

## SIXTH DEFENSE

The imposition of punitive or exemplary damages against Defendant would violate his constitutional rights under the Due Process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United States, the Excessive Fines clause in the Eighth Amendment to the Constitution of the United States, the Double Jeopardy clause in the Fifth Amendment to the Constitution of the United States, similar provisions in the Georgia State Constitution and/or the common law and public policies in Georgia, including but not limited to:

a.      imposition of such damages by a jury which (1) is not provided standards of sufficient clarity for determining the appropriateness and the appropriate size of such a damages award, (2) is not adequately and clearly instructed on the limits of such imposed by the principles of deterrence and punishment, (3) is not expressly prohibited from awarding such damages or determining the amount thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the status, wealth, or state of residence of Defendant, (4) is permitted to award such damages under a standard for determining liability which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes such damages permissible, and (5) is not subject to meaningful trial court and appellate court judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

b.      imposition of such punitive or exemplary damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

2

c.   imposition of such punitive or exemplary damages, and determination of the amount of an award thereof, employing a burden of proof less than clear and convincing evidence;

d.   imposition of such punitive or exemplary damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all such damages issues only if and after the liability of Defendant has been found on the merits;

e.   imposition of such punitive or exemplary damages, and determination of the amount of an award thereof, under any State's law subject to no predetermined limit, such as a maximum multiple of compensatory damages or maximum amount; and/or

f.   imposition of such punitive or exemplary damages, and determination of the amount of an award thereof, based on anything other than Defendant's conduct in connection with the issues in this litigation, or in any other way subjecting Defendant to impermissible multiple punishment for the same alleged wrong.

## SEVENTH DEFENSE

Plaintiff's claim of willful, wanton and reckless conduct fails to state a claim upon which relief can be granted.

## EIGHTH DEFENSE

There is no basis in law or fact for the imposition of willful, wanton and reckless conduct damages with respect to the claims of the Plaintiff against Defendant.

3

## NINTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia and therefore fails to state a cause of action or set forth a claim upon which such damages can be awarded.

## TENTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates Defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section I, Paragraph XVII of the Constitution of the State of Georgia and violates Defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia and therefore fails to state a cause of action or set forth a claim supporting the punitive damages claimed.

## ELEVENTH DEFENSE

The claim for "punitive damages" is barred by the provisions of Article VI of the Constitution of the United States.

## TWELFTH DEFENSE

Any application of the provisions of O.C.G.A. § 51-12-5.1 to this case, in regard to any claim for "punitive damages" against Defendant would be unconstitutional for the following reasons:

(1)     Defendant did nothing for which he should be punished, penalized or deterred and, therefore any recovery of "punitive damages" against Defendant would

4

deprive him of property without due process of law in violation of the Fourteenth Amendment of the United States Constitution and in violation of Article I, §I, Paragraph I of the Constitution of the State of Georgia;

(2)     Any recovery of "punitive damages" against Defendant would violate the provisions of Article I, §I, Paragraph II of the Constitution of the State of Georgia;

(3)     Any recovery of "punitive damages" against Defendant would deprive him of his rights to substantive due process as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia;

(4)     Any recovery of "punitive damages" would violate the guaranty against "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, §I, Paragraph 17 of the Constitution of the State of Georgia.

### THIRTEENTH DEFENSE

The claim of plaintiff for punitive damages against Defendant cannot be sustained because an award of punitive damages under Georgia law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the status of Defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental statute that makes punitive damages permissible, and (5)

5

is not subject to judicial review on the basis of objective standards, would violate Defendant's

due process and equal protection rights guaranteed by the Fourteenth Amendment to the United

States Constitution and the double jeopardy clauses of the Fifth Amendment as incorporated into

the Fourteenth Amendment and by the Georgia constitutional provisions providing for due

process, equal protection, and the guaranty against double jeopardy.

### FOURTEENTH DEFENSE

Plaintiff was contributorily negligent in the incident complained about in the Complaint,

and Plaintiff is consequently precluded from recovery against Defendant.

### FIFTEENTH DEFENSE

Plaintiff's comparative negligence in this accident either wholly bars or reduces

Plaintiff's available recovery from Defendant.

### SIXTEENTH DEFENSE

Plaintiff assumed the risk of injury by negligently operating a vehicle on a public roadway

in violation of applicable law.

### SEVENTEENTH DEFENSE

Plaintiff's negligence in this accident was the sole proximate cause of his injuries.

### EIGHTEENTH DEFENSE

Defendant denies the alleged negligence and consequences thereof in Plaintiff's

Complaint.

### NINETEENTH DEFENSE

Plaintiff's illegal operation of his vehicle on the highway precludes recovery for any

injuries sustained in this accident.

6

## **TWENTIETH DEFENSE**

Responding to the allegations of the Plaintiff's Complaint, Defendant responds as follows:

1.

Responding to the allegations of Paragraph 1 of Plaintiff's Complaint, Defendant admits that he is a resident of South Carolina and that he may be served with process at 244 Bluff Landing Road, Jackson, South Carolina, 29831, but denies that he is subject to the jurisdiction of this Court and further denies the remaining allegations of Paragraph 1 of Plaintiff's Complaint.

2.

Responding to the allegations of Paragraph 2 of Plaintiff's Complaint, Defendant admits that venue is proper in this Court but denies the remaining allegations of Paragraph 2 of Plaintiff's Complaint.

3.

Responding to the allegations of Paragraph 3 of Plaintiff's Complaint, Defendant admits that, on or about June 15, 2013, Plaintiff was unlawfully and negligently operating a motor vehicle traveling westbound on Interstate 20, in Morgan County, Georgia, but denies the remaining allegations of Paragraph 3 of Plaintiff's Complaint.

4.

Responding to the allegations of Paragraph 4 of Plaintiff's Complaint, Defendant admits that, on or about June 15, 2013, he was lawfully operating a motor vehicle traveling westbound on Interstate 20, in Morgan County, Georgia, but denies the remaining allegations of Paragraph 4 of Plaintiff's Complaint.

7

5.

Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendant incorporates by reference his responses to the allegations contained in Paragraphs 1 through 6 above as his response to Paragraph 7 of Plaintiff's Complaint.

8.

In response to the allegations of Paragraph 8 of Plaintiff's Complaint, Defendant notes that the allegations state a conclusion of law to which no response is required. To the extent the allegations of Paragraph 8 state a factual allegation to which a response is required, Defendant denies said allegations and demands strict proof thereof.

9.

Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint, including all subparts thereof.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant incorporates by reference his responses to the allegations contained in

8

Paragraphs 1 through 11 above as his response to Paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

In response to the allegations of Paragraph 16 of Plaintiff's Complaint, Defendant notes that the allegations state a conclusion of law to which no response is required. To the extent the allegations of Paragraph 16 state a factual allegation to which a response is required, Defendant admits that Plaintiff purports to bring a renewal action, that the allegations of the instant case are substantially the same or similar to those in the previously dismissed case assigned Civil Action No. 2015CA145, and that the prior case was dismissed without prejudice; however, Defendant denies that Plaintiff has complied with applicable law necessary to bring a valid renewal action and further denies the remaining allegations of Paragraph 16 and demands strict proof thereof.

17.

Defendant denies each and every allegation contained in Plaintiff's request for relief, denies any liability in this action, and denies that Plaintiff is entitled to any relief or recovery.

18.

Defendant denies any allegation of Plaintiff's Complaint not expressly admitted herein.

9

WHEREFORE, having fully answered, Defendant prays that he be discharged without further costs and that he has a trial by a jury of twelve and such other relief as is just and proper.

This _26_ day of October, 2015.

MICHAEL N. LOEBL
Georgia Bar No. 455709

OF COUNSEL:

FULCHER HAGLER LLP
POST OFFICE BOX 1477
AUGUSTA, GA 30903-1477
(706) 724-0171

10

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that I have this day served a copy of the foregoing upon the

following:

> Johnny G. Phillips
> Law Office of Johnny Phillips
> 37 Calumet Parkway, Suite K202
> Newnan, Georgia 30263

by depositing said copies in the United States Mail with adequate postage affixed thereto to

ensure proper delivery of same.

This __26__ day of October, 2015.

*Michael Goff*

11

IN THE SUPERIOR COURT OF MORGAN COUNTY
STATE OF GEORGIA

BASIL R. MINOTT )
)
       Plaintiff, )
)
v. )     Civil Action File No. 2015CA247
)
MICHAEL J. MERRILL )
)
       Defendant. )

## DEFENDANT'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF

Now comes Defendant Michael J. Merrill and requests that Plaintiff admit, for purposes

of the pending action only, the truth of the following matters, pursuant to O.C.G.A. § 9-11-36:

1.    The amount in controversy in this case does not exceed $75,000.00.

2.    Plaintiff has not sustained damages in excess of $75,000.00 in connection with the

      incident giving rise to this action.

3.    Plaintiff will at no time move to amend his complaint to seek an amount in excess

      of $75,000.00.

4.    Plaintiff will not attempt to collect on any judgment rendered in excess of

      $75,000.00 in the event a verdict is rendered exceeding this amount.

5.    The subject vehicular collision was caused as a sole result of Plaintiff's

      negligence.

This _16_ day of November, 2015.

_____
Michael N. Loebl
GA Bar No. 455709
Attorneys for Defendant

OF COUNSEL:
FULCHER HAGLER LLP



DEFENDANT'S EXHIBIT 3
ALL-STATE LEGAL®

1

POST OFFICE BOX 1477
AUGUSTA, GA 30903-1477
(706) 724-0171

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served on opposing counsel by

depositing same in the United States Mail with sufficient postage attached thereto to ensure

delivery, addressed as follows:

> Johnny G. Phillips
> Law Office of Johnny Phillips
> 37 Calumet Parkway, Bldg. K, Suite 202
> Newnan, GA 30269

This _16_ day of November, 2015.

_Michael Leff_

3

# IN THE SUPERIOR COURT OF MORGAN COUNTY
## STATE OF GEORGIA

BASIL R. MINOTT,

                Plaintiffs,

vs.

MICHAEL J. MERRILL,

                Defendants.

CIVIL ACTION
FILE NO.: **2015CA247**

## PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST REQUEST FOR ADMISSIONS

COMES NOW Plaintiff, Basil R. Minott, in the above-styled action and responds to Defendant's First Request for Admission of Facts to Plaintiff as follows:

Plaintiff generally object to Defendant's First Request for Admission of Facts as stated below. These general objections shall be deemed to be interposed to each Request, irrespective of whether Plaintiff repeats such objections, unless stated otherwise. To the extent that Plaintiff has objected, Plaintiff respectfully refuses to answer the affected portion of the Request.

### A.

Plaintiff objects to these Requests for Admission of Facts to the extent they seek to require Plaintiff to respond on behalf of any other person or entity.

### B.

Plaintiff objects to these Requests for Admission of Facts to the extent that they seek to require Plaintiffs to provide information other than that which may be obtained through a reasonably diligent search of Defendants' or Defendants' Insurance Company's own records.

C.

Plaintiff objects to these Requests for Admission of Facts to the extent that they require Plaintiffs to respond to questions or to identify or produce documents relating to times, events and other things outside the scope of the subject matter of the Complaint.

D.

Plaintiff objects to these Requests for Admission of Facts to the extent that they seek to require Plaintiffs to provide information or to identify any documents or other tangible things prepared or obtained in anticipation of litigation or for trial.

E.

Plaintiff objects to these Requests for Admission of Facts to the extent that they seek to require Plaintiffs to disclose privileged attorney-client communications or information otherwise protected from discovery on the grounds of privilege.

F.

Plaintiff objects generally and individually to these Requests for Admission of Facts on the grounds and to the extent that they assume facts not in evidence or are otherwise erroneous and on the further grounds that they are vague, overly broad, oppressive, unduly burdensome, not relevant to the subject matter of the litigation, and not calculated to lead to the discovery of admissible evidence and thus, declines to pursue a detailed search of its documents.

G.

Plaintiff objects to these Requests for Admission of Facts to the extent that they seek to obtain information concerning documents that are not relevant to the subject litigation.

H.

Plaintiff hereby reserves the right to adopt future objections relating to Defendants' First Request for Admission of Facts.

I.

Plaintiff objects to these Requests for Admission of Facts to the extent that they seek to require Plaintiff to gather and summarize information contained in voluminous papers that are already a matter of record.

J.

Plaintiff objects to these Requests for Admission of Facts to the extent that they seek to require Plaintiff to provide information that is equally available to the Plaintiffs as to Defendant.

K.

Plaintiff objects to these Requests for Admission of Facts to the extent that they seek Plaintiff to respond other than in accordance with O.C.G.A. §9-11-26, O.C.G.A. §9-11-33 and O.C.G.A. §9-11-34.

L.

Plaintiff objects to the "Definitions" and "Instructions" section of Defendant's Request for Admission of Facts on grounds that the Definitions and Instructions are overly broad and unduly burdensome and as stated seek to impose upon the Plaintiffs duties beyond that provided for by the Civil Practice Act of Georgia.  Plaintiff will respond to requests as provided by the Civil Practice Act of Georgia.

M.

Plaintiff responds to Defendant's First Request for Admission of Facts by incorporating by reference as part of its response all of the "General Objections" that have been delineated above.

N.

Plaintiff reserves the right to supplement and/or amend Plaintiff's responses as information is discovered.

Subject to these General Objections, Plaintiff responds to Defendant as follows:

## III. REQUEST FOR ADMISSIONS

1.

**RESPONSE**: The Plaintiff, after making a reasonable inquiry is unable to admit or deny the subject request. Therefore this request is denied.

2.

**RESPONSE**: The Plaintiff, after making a reasonable inquiry is unable to admit or deny the subject request. Therefore this request is denied.

3.

**RESPONSE**: The Plaintiff, after making a reasonable inquiry is unable to admit or deny the subject request. Therefore this request is denied.

4.

**RESPONSE**: The Plaintiff, after making a reasonable inquiry is unable to admit or deny the subject request. Therefore this request is denied.

5.

**RESPONSE**: DENIED.

This _____ day of December, 2015.

                **LAW OFFICE OF JOHNNY PHILLIPS, P.C.**

                By: _____
                JOHNNY G. PHILLIPS
                State Bar No. 382150
                Attorney for Plaintiff

37 Calumet Pkwy., Bldg. K, Ste. 202
Newnan, GA 30263
Phone: (404) 487-0184
Fax: (404) 487-0183
Email: johnny@johnnyphillipslaw.com

## IN THE STATE COURT OF MORGAN COUNTY
### STATE OF GEORGIA

BASIL R. MINOTT,

             Plaintiffs,

vs.

MICHAEL J. MERRILL,

             Defendants.

CIVIL ACTION
FILE NO.: **2015CA247**

## 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

I HEREBY CERTIFY that I have served a copy of *Plaintiff's Response to Defendant's*

*First Request for Admissions* on the Defendant by depositing same in the United States Mail with

sufficient postage affixed thereon to ensure delivery at the following address:

Flucher Hagler LLP
Michael N. Loebl
PO BOX 1477
Augusta, GA 30903-1477

This _____ day of December, 2015.

LAW OFFICE OF JOHNNY PHILLIPS, P.C.

By: _____
JOHNNY G. PHILLIPS
State Bar No. 382150
Attorney for Plaintiff

37 Calumet Pkwy., Bldg. K, Ste. 202
Newnan, GA 30263
Phone: (404) 487-0184
Fax: (404) 487-0183
Email: johnny@johnnyphillipslaw.com

## IN THE SUPERIOR COURT OF MORGAN COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **BASIL R. MINOTT** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil Action File No. SUCA2015000247** |
| | ) |
| **MICHAEL J. MERRILL** | ) |
| | ) |
| **Defendant.** | ) |

## NOTICE OF FILING OF NOTICE OF REMOVAL

Please take notice that Defendant Michael J. Merrill has removed the above-captioned case from this Court by filing a notice of removal with the Clerk of the United States District Court for the Middle District of Georgia, pursuant to 28 U.S.C. §§ 1332 and 1446. A copy of that notice of removal (and its attached exhibits) is attached hereto as Exhibit A. Pursuant to 28 U.S.C. §1446(d), "the state court shall proceed no further unless and until the case is remanded."

Respectfully submitted, this 6th day of January, 2016.

MICHAEL N. LOEBL
Georgia Bar No. 455709

OF COUNSEL:

FULCHER HAGLER LLP
Post Office Box 1477
Augusta, GA 30903-1477
(706) 724-0171



DEFENDANT'S
EXHIBIT
4

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the Notice of Filing of Notice of Removal by causing same to be placed in the U.S. mail, postage prepaid, to the following attorney(s) of record:

> Johnny G. Phillips
> Law Office of Johnny Phillips
> 37 Calumet Parkway, Suite K202
> Newnan, Georgia 30263

This 6th day of January, 2016.

Fulcher Hagler LLP
P.O. Box 1477
Augusta, GA 30903-1477
(706) 724-0171
mloebl@fulcherlaw.com

2