```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF GEORGIA
                           ATHENS DIVISION
```

BASIL R. MINOTT,                *

    Plaintiff,              *

vs.                             *
                                              CASE NO. 3:16-CV-3 (CDL)

MICHAEL R. MERRILL,             *

    Defendant.              *

O R D E R

On September 21, 2016, the Court received a letter from pro se Plaintiff Basil Minott asking the clerk to execute a subpoena on T-Mobile USA. Letter from Basil R. Minott to the Clerk (Sept. 9, 2016), ECF No. 27. The subpoena seeks production of all of Defendant Michael Merrill's cell phone records for the year 2013. Merrill filed a motion to quash the subpoena (ECF No. 28). As discussed below, the motion is granted.

"The majority of jurisdictions, and courts within this Circuit, consider subpoenas issued under Rule 45 to constitute discovery and, thus, are subject to discovery deadlines established by the Court." *Circle Grp., L.L.C. v. Se. Carpenters Reg'l Council*, 836 F. Supp. 2d 1327, 1351 (N.D. Ga. 2011) (collecting cases). The Court issued a scheduling order in this case setting forth the discovery deadlines. That order

"may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Discovery in this case was originally scheduled to close on April 28, 2016, but the Court extended the deadline after Minott's counsel withdrew to allow Minott "an opportunity to get his case back on track." Text Order Den. Mot. to Dismiss (Mar. 8, 2016), ECF No. 11.  The new discovery deadline was June 28, 2016.  The Court emphasized that Minott's "pro se status does not excuse him from complying with the Court's rules and the applicable law."  *Id*.  The Court noted that it would "grant no further extensions regardless of whether [Minott] is able to obtain counsel."  *Id*.

Minott did not explain why he could not obtain the records he now seeks during discovery.  Minott also did not point to evidence that he exercised any diligence to obtain the records during discovery.  For these reasons, the Court concludes that Minott has not demonstrated good cause for the Court to amend the scheduling order to permit the subpoena.  Merrill's motion to quash (ECF No. 28) is therefore granted.

IT IS SO ORDERED, this 23rd day of September, 2016.

                                            s/Clay D. Land
                                            CLAY D. LAND
                                            CHIEF U.S. DISTRICT COURT JUDGE
                                            MIDDLE DISTRICT OF GEORGIA