IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

BASIL R. MINOTT,                    *

    Plaintiff,                      *

vs.                                 *
                                 CASE NO. 3:16-CV-3 (CDL)

MICHAEL J. MERRILL,                 *

    Defendant.                      *

_____

## O R D E R

Defendant Michael Merrill filed a partial summary judgment motion, seeking dismissal of Plaintiff Basil Minott's claim for punitive damages.  For the reasons set forth below, the motion (ECF No. 17) is granted.

### SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A

factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

Under the Court's local rules, a party moving for summary judgment must attach to its motion "a separate and concise statement of the material facts to which the movant contends there is no genuine dispute to be tried."  M.D. Ga. R. 56. Those facts must be supported by the record.  The respondent to a summary judgment motion must respond "to each of the movant's numbered material facts."  *Id.*  "All material facts contained in the movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate."  *Id.*

Merrill submitted a statement of undisputed material facts with his summary judgment motion.  Minott, who is proceeding pro se, received a notice regarding the significance of Merrill's summary judgment motion and of his opportunity to respond to the motion and statement of material facts.  Notice to Pro Se Party of Motion for Summary Judgment, ECF No. 20.  Minott sought an extension of time to respond to the summary judgment motion, which was granted.  Minott did not respond to Merrill's summary judgment motion or statement of material facts by the extended deadline.  Therefore, Merrill's statement of material facts is

deemed admitted pursuant to Local Rule 56. The Court reviewed Merrill's citations to the record to confirm that they support Merrill's fact statements.

FACTUAL BACKGROUND

This action arises out of a car wreck on Interstate 20 in Morgan County, Georgia. Minott asserts that as he was traveling in the right lane, Merrill struck the rear panel of Minott's vehicle, causing Minott's vehicle to spin and come to rest on the side of the road. Minott's airbag did not deploy, and he did not report any injuries at the scene. Merrill pulled over to check on Minott. The police were called. The investigating officer did not issue any citations. The officer did note in his report that Merrill reported "that his cell phone was on his right leg, when it began to slip, he went to grab it and snatched the steering wheel, striking vehicle in the right rear quarter panel." Def.'s Mot. for Summ. J. Ex. A, Motor Vehicle Accident Report 3, ECF No. 17-2.

DISCUSSION

Minott's Complaint contains two counts: one for negligence and one for punitive damages. Merrill seeks summary judgment only on the punitive damages claim. In this diversity action, Georgia law applies. *See, e.g., Grange Mut. Cas. Co. v. Woodard*, 826 F.3d 1289, 1295 (11th Cir. 2016) ("Federal courts sitting in diversity apply the substantive law of the forum

state."). Under Georgia law, "[p]unitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b). "Negligence, even gross negligence, is inadequate to support a punitive damage award. . . . [S]omething more than the mere commission of a tort is always required for punitive damages. There must be circumstances of aggravation or outrage." *Brooks v. Gray*, 585 S.E.2d 188, 189 (Ga. Ct. App. 2003) (alterations in original) (quoting *Tower Fin. Servs. v. Smith*, 423 S.E.2d 257, 264 (Ga. Ct. App. 1992)). "Thus, in automobile collision cases, 'punitive damages are not recoverable where the driver at fault simply violated a rule of the road.'" *Id.* (quoting *Miller v. Crumbley*, 548 S.E.2d 657, 659 (Ga. Ct. App. 2001)). "To justify punitive damages," the Georgia courts require "that the collision result 'from a pattern or policy of dangerous driving, such as driving while intoxicated or speeding excessively.'" *Id.* (quoting *Miller*, 548 S.E.2d at 659).

For example, in *Brooks*, the Georgia Court of Appeals found no error in the grant of partial summary judgment on the plaintiff's punitive damages claim where the defendant crossed

the centerline and veered into oncoming traffic; there was no evidence that the defendant had a pattern or policy of dangerous driving. *Id.* at 189-90. Likewise, in *Miller*, the Georgia Court of Appeals found no error in the grant of partial summary judgment on the plaintiff's punitive damages claim where the defendant failed to keep a proper lookout and pled guilty to following too closely; as in *Brooks*, there was no evidence that the defendant had a pattern or policy of dangerous driving. *Miller*, 548 S.E.2d at 659; *accord Archer Forestry, LLC v. Dolatowski*, 771 S.E.2d 378, 380 & n.7 (Ga. Ct. App. 2015) (reversing the trial court's denial of partial summary judgment on the plaintiff's punitive damages claim where there was evidence that the defendant was speeding slightly and talking on his cell phone at the time of the wreck but there was no evidence that the defendant had a pattern or policy of dangerous driving); *Lindsey v. Clinch Cty. Glass, Inc.*, 718 S.E.2d 806, 808 (Ga. Ct. App. 2011) (affirming grant of partial summary judgment on a punitive damages claim where there was evidence that the defendant was distracted by looking up a number on his cell phone at the time of the wreck but there was no evidence that the defendant had a history of dangerous driving); *Doctoroff v. Perez*, 615 S.E.2d 623, 625 (Ga. Ct. App. 2005) (affirming grant of partial summary judgment on a punitive

damages claim where the defendant, who lacked a valid license, caused a wreck when she failed to yield to the plaintiff).

Here, there is evidence that Merrill veered into Minott's lane when he tried to keep his cell phone from falling off of his lap.  Minott, however, pointed to no evidence that Merrill had a pattern or policy of dangerous driving.  Without such evidence, this case is indistinguishable from *Brooks*, *Miller*, *Archer Forestry*, *Lindsey*, and *Doctoroff*.  Under the rationale of these cases, Merrill is entitled to summary judgment on Minott's punitive damages claim.  Merrill's partial summary judgment motion (ECF No. 17) is therefore granted.

IT IS SO ORDERED, this 27th day of September, 2016.

S/Clay D. Land
_____
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA